UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOHN THIBODEAUX, AMY THIBODEAUX GABRIELLE THIBODEAUX, AND EMILY THIBODEAUX | : <br> : Civil Action 6:18-00501 <br> : <br> : Judge: |
| VERSUS | : <br> : |
| J.M. DRILLING, LLC, ADMIRAL INSURANCE COMPANY, ROCKHILL INSURANCE COMPANY, AND BELLSOUTH TELECOMMUNICATIONS, LLC | : Magistrate: <br> : <br> : <br> : |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER**

MAY IN PLEASE THE COURT:

On March 26, 2018, Movers filed a complaint for declaratory judgment against J.M. Drilling, LLC. on the issue of excess insurance coverage and duty to defend in the United States District Court, Western District of Tennessee – Eastern Division, Case No. 1:18-CV-01050.[1] The above-captioned declaratory action was filed by Plaintiffs on April 12, 2018 following a judgment by the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, Docket No. C-20154167 B. In the state court lawsuit, Plaintiffs were granted a judgment against J.M. Drilling, LLC for the personal injuries of Plaintiff John Thibodeaux with the final judgment executed on April 6, 2018.

Rockhill Insurance Company avers that as the court of second-filing, this Honorable Court has the power to transfer the above-captioned matter to Tennessee to be decided by the court of first-filing as the issues are the same and the parties are substantially the same. Rockhill

---

[1] Exhibit A – Complaint for Declaratory Judgment.

also requests that this court stay these proceedings until the Tennessee court determines whether to accept the transfer and consolidate the cases.

## LAW AND ARGUMENT

Movers argue that a transfer of venue is warranted pursuant to 28 U.S.C. §1404. Under this article, a district court may transfer any civil action to any other district or division where it might have been brought. *28 U.S.C. 1404(a)*. Movers assert that the first-filed rule applies concerning venue and transfer is merited.

The first-to-file or first-filed doctrine is a discretionary rule which provides that when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *See Cadle Co. v. Whataburger of Alice, Inc.* 174 F.3d 599, 603 (5th Cir. 1999). "The rule rests on principles of comity and sound judicial administration" and is used by courts "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Cadle,* 174 F.3d at 604.

The decision to apply the first-to-file rule hinges on two questions: "(1) are the two pending actions so duplicative or do they resolve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case." *Damatize, Inc. v. Fidelty Brokerage Services, LLC*, 2004 WL 1683171, (E.D. Tex. 2004); *Texas Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). However, in the Fifth District, *only the first issue is for the second-filed court to decide*, "[o]nce the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to

proceed. *Cadle,* 174 F. 3d at 605-606 (quoting *Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). *Emphasis added*. "Thus, once the second-filed court finds that the issues in the two suits might substantially overlap, the proper courts of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle,* 174 F. 3d at 606.

Here, the first-filed action occurred on March 26, 2018 by Movers filing a complaint for declaratory judgment in the Western District of Tennessee against the insured, J.M. Drilling, LLC. At the time of the first-filing, the personal injury lawsuit in Louisiana had not been decided. Also, despite four supplements and amendments to the original petition for damages by the Thibodeauxs in the state-court action, Rockhill was never added as a defendant. Instead, Plaintiffs waited until after the judgment against J.M. Drilling was finalized and after Rockhill filed their own declaratory action to file the above-captioned matter for a declaratory judgment.

It should be noted that Rockhill's choice of filing in Tennessee rests on the fact that J.M. Drilling is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Jackson, Tennessee. The contract of excess insurance coverage was entered into in Tennessee. Additionally, as mentioned above, at no point during the litigation was Rockhill included in the state-court personal injury lawsuit. At this point, the only 'contact' in Louisiana is the state-court judgment.

In order for this court to decide that the two declaratory actions are duplicative enough for transfer, we must look at the parties and the issues.

In the Tennessee action, the only parties are the Movers and their insured, J.M. Drilling, LLC. In the Louisiana action, the plaintiffs are the Thibodeauxs who brought the underlying

state-court action which has already been decided and the Defendants are the Movers, J.M. Drilling, LLC, the primary insurer, and the plaintiff's workers' compensation carrier. While first glance may appear that the parties are different, they are, in essentials, the same. The parties to the underlying contract of excess insurance are Rockhill and J.M. Drilling – not the Thibodeauxs, not the primary insurer, and not the workers' compensation carrier. While the non-contracting parties have a stake in the outcome, their involvement in the declaratory action is not mandatory or even warranted as a judgment on the Tennessee action will have the desired effect on the parties to the Louisiana action. Essentially, the parties are the same.

The issues of the two declaratory actions are exactly the same – does the insurance policy between Rockhill and J.M. Drilling provide coverage for the judgment in the state-court lawsuit.

The protocol for this court is clear – as the court of second filing, this court has the authority to transfer this action to the court of first-filing for the first court to decide which of the actions should proceed. Rockhill respectfully request that this Honorable Court do exactly that – transfer the action to Tennessee.

## CONCLUSION

The first-filed doctrine was created for this exact scenario – two duplicative actions in two different courts. The court charged with the decision as to which action should proceed is the first-filed court. Here, that court is Tennessee. Rockhill requests his Honorable Court to transfer the action to Tennessee and stay the Louisiana action until the Tennessee court decides how to proceed.

*Signature on following page.*

Respectfully Submitted:

PERKINS & ASSOCIATES, LLC:

By: ___/s/ Mark A. Perkins___
Mark A. Perkins, #18529
401 Market Street, Suite 900
Shreveport, LA 71101
Telephone: (318) 222-2426
Facsimile:  (318) 222-0458

ATTORNEY FOR ROCKHILL
INSURANCE COMPANY

<u>Certificate of Service</u>

I hereby certify that on the 16th day of May 2018 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

___/s/ Mark A. Perkins___
COUNSEL