UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JOHN THIBODEAUX, AMY THIBODEAUX, GABRIELLE THIBODEAUX, AND EMILY THIBODEAUX | : : : : | Case No. 6:18-cv-00501 |
| VERSUS | : : | Unassigned District Judge |
| J.M. DRILLING, LLC, ADMIRAL INSURANCE COMPANY, ROCKHILL INSURANCE COMPANY AND BELLSOUTH TELECOMMUNICATIONS, LLC | : : : : | Magistrate Judge Whitehurst |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Defendant, ROCKHILL INSURANCE COMPANY (hereinafter sometimes referred to as "Rockhill"), who in answer to the *Complaint for Declaratory Judgment* filed by JOHN THIBODEAUX, AMY THIBODEAUX, GABRIELLE THIBODEAUX, and EMILY THIBODEAUX respectfully avers:

## Motion to Transfer Pending

At the time of filing this Answer, there is pending before this Honorable Court *Defendant's Motion to Transfer* filed by Rockhill seeking that this court enter an order transferring the above captioned matter to the United States District Court for the Western District of Tennessee – Eastern Division so that it can be joined with the matter of *Rockhill Insurance Company v. J.M. Drilling, LLC* Case No. 1:18-cv-01050.

By filing this Answer Rockhill is by no means withdrawing their position that this matter should be transferred. Rather, Rockhill files this Answer out of an abundance of caution based on the fact that the hearing date for the motion is July 18, 2018, which is past the deadline for filing responsive pleadings of June 18, 2018. Therefore, Rockhill

files this Answer in the chance that the *Motion to Transfer* is denied and the above captioned matter moves forward within this Honorable Court.

**AND NOW ANSWERING THE COMPLAINT:**

1.

The allegations in Paragraph 1 are admitted.

2.

The allegations in Paragraph 2 are admitted.

3.

The allegations in Paragraph 3 are admitted.

4.

The allegations in Paragraph 4 are denied for lack of information.

5.

The statement made in Paragraph 5 does not require a response. However, to the extent that this Honorable Court requires a response the allegations are admitted.

6.

Rockhill admits that the Plaintiffs are seeking a declaratory judgment through the above captioned matter. However, Rockhill denies that the policy of excess insurance it issued to Defendant, J.M. Drilling, LLC, is applicable to the claims and damages brought in the referenced Thibodeaux Lawsuit in the 15th Judicial District Court in Lafayette, Louisiana.

7.

The allegations in Paragraph 7 are admitted.

8.

The allegations in Paragraph 8 are denied as written. Rockhill maintains the position that the proper venue for this action is the United States District Court for the Western District of Tennessee – Eastern Division due to the pending collateral proceeding of *Rockhill Insurance Company v. J.M. Drilling, LLC* Case No. 1:18-cv-01050 addressing the same issue of insurance coverage having been filed before the commencement of the above captioned matter.

9.

The allegations of Paragraph 9 are admitted.

10.

The allegations of Paragraph 10 are admitted.

11.

The allegations of Paragraph 11 are admitted.

12.

The allegations of Paragraph 12 are admitted.

13.

Rockhill admits that the Plaintiffs filed a Fourth Amended and Supplement Petition for Damages; however, Rockhill denies the allegations restated in Paragraph 13.

14.

Rockhill admits the allegations of Paragraph 14 to the extent that the Original and Amended Petitions for Damages did assert the Plaintiffs' respective claims for damages; all other allegations are denied.

15.

The allegations of Paragraph 15 are admitted.

16.

The allegations of Paragraph 16 are admitted.

17.

The allegations of Paragraph 17 are admitted.

18.

The allegations of Paragraph 18 are admitted.

19.

The allegations of Paragraph 19 are admitted.

20.

Rockhill admits that it issued a commercial liability excess insurance policy to J.M. Drilling, LLC, which was in effect at the time of the incident that formed the basis of the underlying lawsuit in state court. However, Rockhill denies that the coverage afforded by that contract applies under the circumstances of the incident that formed the basis of the underlying lawsuit in state court.

21.

Rockhill admits that the commercial liability excess insurance policy that it issued to J.M. Drilling, LLC does list Admiral Insurance Company as the underlying primary insurer for J.M. Drilling, LLC. However, Rockhill denies that the coverage afforded by that contract applies under the circumstances of the incident that formed the basis of the underlying lawsuit in state court.

22.

Rockhill admits that the language restated in Paragraph 22 does appear in the commercial liability excess insurance policy that it issued to J.M. Drilling, LLC. However, Rockhill denies that the coverage afforded by that contract applies under the circumstances of the incident that formed the basis of the underlying lawsuit in state court.

23.

The allegations of Paragraph 23 are admitted.

24.

The allegations of Paragraph 24 are admitted to the extent that they are restating the findings of Judge Jules Edwards; all other allegations are denied

25.

The allegations of Paragraph 25 are admitted to the extent that they are restating the findings of the jury for the underlying lawsuit in state court; all other allegations are denied.

26.

Rockhill admits that Judge Jules Edwards found J.M. Drilling at fault for striking the underground sewer force main line and for failing to contact the utility owner. All other allegations within Paragraph 26 are denied; particularly, Rockhill denies that the commercial liability excess insurance policy that it issued to J.M. Drilling, LLC afforded coverage under the circumstances of the incident that formed the basis of the underlying lawsuit in state court.

27.

The statements of Paragraph 27 do not require a response. However, to the extent that this Honorable Court requires one the statements are admitted to the extent that they restate Louisiana and Tennessee law. However, Rockhill asserts that the commercial liability excess insurance policy that it issued to J.M. Drilling, LLC did not afford coverage under the circumstances of the incident that formed the basis of the underlying lawsuit in state court regardless of the application of the efficient proximate cause doctrine.

28.

The allegations of Paragraph 28 are denied. The language from the commercial liability excess insurance policy that Rockhill issued to J.M. Drilling, LLC cited by the Plaintiff in Paragraph 28 does not, in any way, abrogate the exclusions contained in the insurance policy that Rockhill issued to J.M. Drilling, LLC. Accordingly, Rockhill asserts that the commercial liability excess insurance policy that it issued to J.M. Drilling, LLC did not afford coverage under the circumstances of the incident that formed the basis of the underlying lawsuit in state court.

29.

The allegations of Paragraph 29 are denied. Rockhill asserts that the commercial liability excess insurance policy that it issued to J.M. Drilling, LLC did not afford coverage under the circumstances of the incident that formed the basis of the underlying lawsuit in state court regardless of the application of the efficient proximate cause doctrine.

30.

Rockhill admits that the commercial liability excess insurance policy that Rockhill issued to J.M. Drilling, LLC does include an exclusion for liability resulting from subsidence if that subsidence emanated from the operations of the insured or any other person for whose acts the insured is legally liable, which is why the policy did not afford coverage under the circumstances of the incident that formed the basis of the underlying lawsuit in state court. All other allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 are denied. Rockhill asserts that the commercial liability excess insurance policy that it issued to J.M. Drilling, LLC did not afford coverage under the circumstances of the incident that formed the basis of the underlying lawsuit in state court.

32.

The allegations of Paragraph 32 are denied. Rockhill asserts that the commercial liability excess insurance policy that it issued to J.M. Drilling, LLC did not afford coverage under the circumstances of the incident that formed the basis of the underlying lawsuit in state court.

33.

The allegations in Paragraph 33 are admitted to the extent that they state that Plaintiffs are seeking a judicial determination; all other allegations are denied.

WHEREFORE, Defendant, ROCKHILL INSURANCE COMPANY, pray that this response be deemed good and sufficient answer to the original *Complaint for Declaratory Judgment* and that they be relived from further answering.

FURTHER PRAY, that after due proceedings be had that there be judgment herein in favor of the Defendant, ROCKHILL INSURANCE COMPANY dismissing the demands of the Plaintiffs at the Plaintiffs' costs.

FURTHER PRAY, for all necessary and equitable relief as is just in the premises.

| **CERTIFICATE OF SERVICE** | Respectfully Submitted: |
|---|---|
| I hereby certify that a copy of the foregoing *Answer to Complaint for Declaratory Judgment* was filed electronically with the United States District Court Clerk of Court using the CM/ECF system on this 1st day of June, 2018. By operation of the court's electronic filing system notice of this filing and a copy thereof have been sent to all counsel of record. | PERKINS & ASSOCIATES, LLC, <br><br> By:  /s/ Mark A. Perkins  <br> Mark A. Perkins, #18529 T.A. <br> Cody Grosshart, #37143 <br><br> 401 Market Street, Ste. 900 <br> Shreveport, Louisiana 71101 <br> Telephone: (318) 222-2426 <br> Facsimile:   (318) 222-0458 <br> perkins@perkinsfirm.com <br> grosshart@perkinsfirm.com |
|   /s/ Mark A. Perkins  <br> OF COUNSEL | ATTORNEYS FOR ROCKHILL INSURANCE COMPANY |