**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **JOHN THIBODEAUX, AMY THIBODEAUX GABRIELLE THIBODEAUX, AND EMILY THIBODEAUX** | : : : | **Civil Action 6:18-00501** |
| | : | **Judge:** |
| **VERSUS** | : | |
| | : | |
| **J.M. DRILLING, LLC, ADMIRAL INSURANCE COMPANY, ROCKHILL INSURANCE COMPANY, AND BELLSOUTH TELECOMMUNICATIONS, LLC** | : : : : | **Magistrate:** |

<u>**REPLY TO OPPOSITION TO MOTION TO TRANSFER BY J.M. DRILLING, LLC**</u>

NOW INTO COURT, through undersigned counsel, comes Defendant, ROCKHILL INSURANCE COMPANY (hereinafter sometimes referred to as "Rockhill"), who respectfully offers this Reply to the *Opposition to Rockhill's Motion to Transfer* filed by J.M. Drilling, LLC ("J.M. Drilling") (Doc. 21).

**MAY IT PLEASE THE COURT:**

In its Opposition Memorandum, J.M. Drilling states that it adopts in full the arguments set forth by the Thibodeauxs in their *Opposition to Motion to Transfer* (Doc. 18). (Doc. 21, pg. 1). Accordingly, in response to J.M. Drilling's adoption, Rockhill asserts herein the same arguments as previously made in *Reply to Plaintiffs' Opposition to Motion to Transfer*.

J.M. Drilling also states in its Opposition Memorandum that it is planning on filing a "Motion to Dismiss, Transfer or Stay of Declaratory Judgment Action" in the District Court for the Western District of Tennessee based on the argument that the

1

Thibodeauxs are necessary and/or indispensable parties. (Doc. 21, pg. 1). Furthermore, J.M. Drilling filed its *Motion for Leave to File Supplemental Opposition to Rockhill's Motion for Transfer* to inform this Honorable Court that it did in fact file the Motion to Dismiss in the Western District of Tennessee. (Doc. 24).

In response, Rockhill offers that the fact that this Motion to Dismiss is pending in the Western District of Tennessee does not preclude this Honorable Court the ability to independently review and decide the *Defendant's Motion to Transfer*.

Furthermore, Rockhill asserts here as it did in *Reply to Plaintiffs' Opposition to Motion to Transfer* that the Thibodeauxs are not indispensable parties to the declaratory action filed by Rockhill in the Western District of Tennessee. In support of that assertion, Rockhill redirects this Honorable Court's attention to the Fifth Circuit's 2017 decision of *Federal Insurance Company v. Singer River Health System*, wherein which the court found that third-party claimants need not be joined to a declaratory action seeking judgment as to whether coverage applies in underlying civil suits against the insureds stating that:

> Turning to the joinder of the plaintiffs [third-party claimants] in the [underlying civil suits], Medical Insureds maintain [third-party claimants'] financial interest in the outcome of coverage dispute makes them required parties under Rule 19(a)(1)(B)(i). **Although we have determined that insurance plaintiffs may fall under that subsection**, *see Ranger Ins. Co. v. United Hous. of N.M., Inc.*, 488 F.2d 682, 683 & n.3 (5th Cir. 1974), **that case is distinguishable. There, the plaintiffs could not intervene in the federal action because their presence would divest the court of diversity jurisdiction.** *Id.* at 682–83. **By contrast, here, the plaintiffs can intervene because they are diverse. Accordingly, plaintiffs have means to protect their interest.** *See Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405 (5th Cir. 1980) (noting that an absent trustee's ability to protect his interest was not significantly impaired where "[i]t is

clear from the record that the trustee was aware of this litigation yet did not attempt to be made a party"); *see also Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 Fed.Appx. 540, 542 (11th Cir. 2005)(discussing the relationship between required Rule 19(b) and the possibility of intervention). **Moreover, as the district court noted, the plaintiffs have the same interest as Medical Insureds—maximizing coverage—so, like the additional insureds, their interests are protected by Medical Insureds' vigorous litigation in the coverage dispute.** *See Bacardi Int'l*, 719 F.3d at 12 ("Where an existing party has 'vigorously addressed' the interests of absent parties, we have no need to protect a possible required party from a threat of serious injury."). **Furthermore, as the district court noted, both the additional insureds and plaintiffs in the underlying [civil suits] had not moved to intervene.** *See United States v. San Juan Bay Marina*, 239 F.3d 400, 407 (1st Cir. 2001) (noting than an alleged required party's "decision to forgo intervention indicates that [it] d[id] not deem its own interests substantially threatened by the litigation, [and thus] the court should not second-guess [the district court's determination it was not a required party], at least absent special circumstances").

(emphasis added)
850 F.3d 187, 201 (5th Cir. 2017).

As stated in *Reply to Plaintiffs' Opposition to Motion to Transfer*, the Thibodeauxs have the option of petitioning the District Court for the Western District of Tennessee to intervene into the declaratory action filed by Rockhill in order to protect their own interests in the contractual dispute, but have yet to do so. Also, J.M. Drilling being a defendant in the declaratory action filed by Rockhill has the same interest as the Thibodeauxs in that of maximizing coverage for the circumstances that form the basis of the tort suit. Either way, the fact that the Thibodeauxs were not named in the declaratory action filed by Rockhill does not preclude them from joining in the suit, and it does not dictate that this Honorable Court disregard the "first-filed" rule generally followed by courts in the Fifth Circuit.

J.M. Drilling further argues that its filing of a cross claim against Rockhill in this above captioned matter precludes the application of the "first-filed" rule to this

proceeding as requested in *Defendant's Motion to Transfer*. However, this issue, just like that of the intervention of Thibodeauxs, is a matter of J.M. Drilling utilizing a lesser effective procedural vehicle in order to attempt to shift focus to this forum. J.M. Drilling, as a defendant in the declaratory action pending in the Western District of Tennessee, could have just as easily presented its claims of breach of contract and bad faith in a counter claim against Rockhill in the Tennessee court especially considering the fact that those claims of bad faith were made under the common law of Tennessee. The simple fact that parties continue to pursue their claims arising out of this contract dispute within this Honorable Court does not inherently make it the most appropriate forum.

In support of its assertion, J.M. Drilling cites to the Sixth Circuit case *Certified Restoration Dry Cleaning Network, LLC, v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007). That case, just like many of the cases cited by the Thibodeaux Plaintiffs, deals with a procedural posturing that is distinguishable from that of the above captioned matter. In *Certified Restoration*, the defendant was operating a dry cleaning franchise through an agreement with plaintiff that contained both a non-compete clause and a forum selection clause, which provided that any dispute arising out of the agreement be brought in Michigan. *Id.* at 538 – 39. Plaintiff terminated the franchise agreement due to defendant's failure to make payments. *Id.* Following the termination, plaintiff learned that defendant was in violation of the non-compete agreement and threatened to bring legal action against defendant if it did not comply with the non-compete agreement. *Id.*

In response to this threat, defendant filed a declaratory action against the plaintiff in Ohio state court that was then removed by the plaintiff to the District Court for the

4

Northern District of Ohio. *Id.* at 539. Shortly thereafter, plaintiff filed a coercive action for damages against defendant in the District Court of the Eastern District of Michigan. *Id.* Plaintiff then filed a motion to dismiss in the Ohio court and a week later filed for temporary restraining order and injunction in the Michigan court. *Id.* at 540. The Michigan court denied the restraining order and injunction citing that, among other reasons, comity considerations counseled against granting the injunction because of the pending Ohio action citing the "first-filed" rule as legal authority therefor. *Id.* Plaintiff then appealed this decision to the Sixth Circuit.

The Sixth Circuit's decided that "a proper application of the 'first-to-file' rule would have led the district court to the conclusion that comity did not counsel against issuing a preliminary injunction." *Id.* at 552. The court reached this conclusion by determining that the declaratory action filed in the Ohio court was intended to escape the language of the forum selection clause which was evidence of forum shopping. *Id.*

This is not the same set of procedural circumstances that led to the above captioned matter. Rockhill did not file its declaratory action in the Tennessee court to escape a particular forum. In fact, Rockhill did not file its declaratory action until nearly three years following the initiation of the civil action filed by the Thibodeauxs, and in no way blocked or complicated forum selection for the tort suit. Therefore, the *Certified Restoration* decision should have no bearing on this Honorable Court's determination of *Defendants' Motion to Transfer*.

Between its citation of the *Certified Restoration* case, and its the statements in paragraph four of the Opposition Memorandum, J.M. Drilling is echoing the argument of

the Thibodeaux Plaintiffs that Rockhill has somehow manipulated the judicial process in order to secure some kind of procedural advantage. However, this "race to the court" house that is repeated throughout these oppositions to the *Defendants' Motion to Transfer* refers to a procedural circumstance wherein which a potential defendant to a civil action for damages files a declaratory action seeking judgment as to its liability for the claimed damages of the potential plaintiff following notice by the injured party of its claims, and before the injured party has a chance to file its own petition for the damage initiating the civil action.

In contrast, Rockhill filed its declaratory action seeking clarification as to whether the excess liability policy issued by it to J.M. Drilling affords coverage to the factual circumstances underlying the tort civil action three years after the Thibodeauxs filed their civil action for damages against many defendants none of which were Rockhill. Therefore, the filing of the declaratory action in no way impeding the rights of the Thibodeauxs to pursue their rights against allegedly liability parties in tort, and therefore was not a manipulative maneuver intended to handicap the litigation. Since there was no "race to the courthouse" there in turn are no "compelling circumstances" dictating that this Honorable Court preclude application of the "first-filed" rule as between the two declaration actions now pending.

**WHEREFORE**, Defendant, ROCKHILL INSURANCE COMPANY, respectfully asks that this Honorable Court grant *Defendant's Motion to Transfer* and stay all proceedings in the above captioned matter until the West District of Tennessee, Eastern Division can adjudge whether to consolidate the actions.

*Signature of following page*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of June 2018 I filed the foregoing *Reply to Opposition Motion to Transfer by J.M. Drilling, LLC* with the CM/ECF system through which a copy was provided to all counsel of record.


 /s/  Mark A. Perkins

Respectfully Submitted,

PERKINS & ASSOCIATES, LLC:

By:   /s/ Mark A. Perkins
Mark A. Perkins, #18529
Cody Grosshart, #37143

401 Market St., Suite 900
Shreveport, LA 71105
T: (318) 222-2426
F: (318) 222-0456