UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| JOHN THIBODEAUX, AMY THIBODEAUX, GABRIELLE THIBODEAUX, AND EMILY THIBODEAUX | * * | CIVIL ACTION NO. 18-501 |
| PLAINTIFFS | * | UNASSIGNED DISTRICT JUDGE |
| VERSUS | * | |
| J.M. DRILLING, LLC, ADMIRAL INSURANCE COMPANY, ROCKHILL INSURANCE COMPANY, AND BELLSOUTH TELECOMMUNICATIONS, LLC | * * | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
ADMIRAL INSURANCE COMPANY'S MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND 12(b)(6)**

MAY IT PLEASE THE COURT:

Defendant, Admiral Insurance Company ("Admiral"), respectfully submits this Memorandum in Support of its Motion to Dismiss, urging this Court to dismiss Admiral from this proceeding, insofar as there is no case or controversy with respect to Admiral sufficient to justify the exercise of this Court's subject matter jurisdiction and, further, that Plaintiffs' Complaint fails to state a claim for relief against Admiral pursuant to Rule 12(b)(6) in this matter.

**I. INTRODUCTION**

This declaratory judgment action stems from a Petition for Damages filed in the 15th Judicial District Court for the Parish of Jefferson, in the matter of *Thibodeaux, et al. v. Gulfgate Construction, LLC, et al.*, No. 2015-4167 ("The Thibodeaux Lawsuit"), arising out of injuries

sustained by John Thibodeaux as a result of an accident which occurred on June 9, 2015. In January 2017, all defendants in the Thibodeaux Lawsuit, except JM Drilling, L.L.C., were dismissed by the Court pursuant to Motions for Summary Judgment. After the grant of summary judgment in favor of Plaintiffs and against JM Drilling, L.L.C. on liability, the case proceeded to trial on damages only and, on March 29, 2018, the jury returned a verdict in favor of Plaintiffs and against JM Drilling, L.L.C., awarding damages to John Thibodeaux in the amount of $3,538,118.00; to Amy Thibodeaux in the amount of $150,000.00; and to Gabrielle Thibodeaux in the amount of $10,000.00. Thereafter, a Judgment was entered by the Court on April 6, 2018 in accordance with the jury verdict. Judgment was also entered in favor of the intervenor, Bellsouth Telecommunications, L.L.C., and against JM Drilling, L.L.C., with respect to the worker's compensation lien. As noted in the Complaint for Declaratory Judgment, Admiral issued a primary Commercial General Liability insurance policy to JM Drilling, L.L.C. with a liability limit of $1,000,000.00, while defendant, Rockhill Insurance Company ("Rockhill"), issued an excess insurance policy to JM Drilling, L.L.C. with a liability limit of $5,000,000.00.

This declaratory judgment action was filed in April, 2018 by the Thibodeauxs, seeking a declaration by the Court that the excess insurance policy issued by Rockhill affords coverage to JM Drilling, L.L.C. for payment of the remainder of the judgment rendered in favor of Plaintiffs in the Thibodeaux Lawsuit. The issues presented in the Complaint for Declaratory Judgment relate to the interpretation of Rockhill's excess "follow form" insurance policy and several exclusions contained therein. Notably, while there are facts pled in the Complaint for Declaratory Judgment pertaining to the primary insurance policy issued by Admiral Insurance Company to JM Drilling, L.L.C., the prayer in the Complaint for Declaratory Judgment seeks

relief solely as to Rockhill. Paragraph 33 and the prayer for relief in Plaintiffs' Complaint for Declaratory Judgment read as follows:

33.

> Plaintiffs seek a judicial determination that there is coverage under the Rockhill Insurance Company excess policy, policy number FF013178-00, issued to J.M. Drilling, LLC, for Plaintiffs' damages in excess of the $1,000,000.00 limits of the Admiral Insurance Company primary policy, policy number CA000019278-02, as contained in the Final Judgment (Exhibit F) of Judge Jules Edwards of the 15th Judicial District Court in the Thibodeaux Lawsuit.
>
> Wherefore, Plaintiffs, John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, and Emily Thibodeaux, pray:
>
> A. That process be issued as required by law and that Defendants be served with copies of the Summons and Complaint for Declaratory Judgment,
>
> B. For a declaration by this Honorable Court declaring the rights and obligations of the parties under the Rockhill Insurance Company "Commercial Follow Form Policy", Policy number FF013178—99, including, but not limited to, a judgment declaring that there is coverage under the Rockhill Insurance Company "Commercial Follow Form. Policy" for the claims asserted in the Thibodeaux lawsuit and the Final Judgment executed by Judge Jules Edwards of the 15th Judicial District Court of Lafayette, Louisiana after jury returned with verdict on March 29, 2018,
>
> C. For a declaration that all costs associated with this Complaint for Declaratory Relief be assesses (sic) against Rockhill Insurance Company, and
>
> D. For such other and further relief as this Honorable Court deems just and proper.[1]

---

[1] See Complaint for Declaratory Judgment (Rec. Doc. 1), pp. 15-16.

In July, 2018, subsequent to the filing of the Complaint for Declaratory Judgment, a settlement was effected between Plaintiffs, JM. Drilling, LLC and Admiral Insurance Company, pursuant to which the settling parties, in consideration of a certain payment by Admiral Insurance Company, thereby executed a Receipt, Release and Indemnity Agreement which resulted in a full release of Admiral Insurance Company by Plaintiffs of any and all claims asserted in the Thibodeaux Lawsuit, including satisfaction of the worker's compensation lien of Bellsouth Telecommunications, L.L.C., and, additionally, the discharge of Admiral Insurance Company by JM Drilling, L.L.C. of any and all obligations under the primary insurance policy, reserving unto Plaintiffs their rights to continue to pursue their claims against JM Drilling, LLC in excess of Admiral's policy limit and, in particular, against Rockhill, as excess insurer of JM Drilling, LLC.[2] Additionally, a Partial Satisfaction of Final Judgment by Plaintiffs and a Satisfaction of Judgment by Intervenor, Bellsouth Telecommunications, LLC, were filed into the Court record in the Thibodeaux Lawsuit.[3] Also, Bellsouth Telecommunications, LLC filed a Motion for Judgment of Partial Dismissal to effect the dismissal, with prejudice, of its Counter-Claim against Plaintiffs and its Cross-Claim against JM Drilling, LLC and Admiral Insurance Company in this declaratory judgment action, which was granted by the Court. [Rec. Docs. 48 and 52.] Accordingly, there is no longer any justiciable controversy between Plaintiffs and Admiral, or between Bellsouth Telecommunications, LLC and Admiral, or between JM Drilling, L.L.C. and Admiral, with respect to the Thibodeaux Lawsuit.

## II. <u>LAW AND ARGUMENT</u>

When a Motion to Dismiss is predicated on both Rule 12(b)(1) and (6), it is well settled that the Court should first resolve the jurisdictional issue before addressing an attack on the

---

[2] See Receipt, Release and Indemnity Agreement, attached hereto as Exhibit "A".
[3] See Partial Satisfaction of Final Judgment by Plaintiffs and Satisfaction of Final Judgment by Intervenor, Bellsouth Telecommunications, LLC, attached hereto *in globo* as Exhibit "B".

merits of the claim. *Atlantic Casualty Insurance Company v. Ramirez*, 651 F.Supp. 2d 669, 672 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Furthermore, when addressing the lack of subject matter jurisdiction, the Court can base its decision on "(1) the Complaint standing alone; (2) the Complaint supplemented by undisputed facts evidenced in the record; or (3) the Complaint supplemented by undisputed facts, plus the court's resolution of disputed facts." *Ramirez,* 651 F.Supp. 2d at 672 (citation omitted).

As noted by the *Ramirez* Court, Federal Courts are courts of limited jurisdiction and, pursuant to Article III §2 of the constitution, hear only "cases" and controversies. *Ramirez,* 651 F.Supp. 2d at 673 (citing *Shield v. Norton,* 289 F.3d 832, 834). In the context of the Declaratory Judgment action, the Supreme Court has stated that a controversy exists "where the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment." *Ramirez*, 651 F.Supp. 2d at 673 (quoting *Maryland Casualty Co. v. Pacific Cole & Oil Co.,* 312 U.S. 270, 273 (1941)).

In the present case, a review of the allegations of the Complaint for Declaratory Judgment reveals that no case in controversy exists between the Thibodeaux plaintiffs and Admiral. This is evidenced by the fact that the prayer for relief relates solely to the pursuit by Plaintiffs of a declaration of coverage under the Rockhill excess insurance policy, and is further buttressed by the settlement agreement in which Plaintiffs and JM Drilling, L.L.C. stipulate that Admiral has fully exhausted its obligations under the primary policy by virtue of the payment recited therein.

On its face, pursuant to Rule 12(b)(6), the Complaint for Declaratory Judgment fails to state a claim for relief against Admiral and, thus, there exists no case or controversy sufficient to justify the exercise of this Court's subject matter jurisdiction over Admiral in these proceedings.

### III. CONCLUSION

Considering the foregoing, Admiral Insurance Company respectfully moves this Honorable Court for an Order granting its Motion to Dismiss, dismissing the Complaint for Declaratory Judgment as to Admiral, in the captioned civil action.

Respectfully submitted,

s/ Michael J. Vondenstein
**MICHAEL J. VONDENSTEIN**
(Louisiana Bar Roll No. 13116)
**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**
One Galleria Boulevard
Suite 1400
Metairie, Louisiana 70001
Telephone:   (504) 836-6500
Fax:              (504) 836-6565
E-mail:  mjv@hmhlp.com
Attorney for **ADMIRAL INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of same, along with a Notice of Electronic Filing, to all counsel for record.

s/ Michael J. Vondenstein
**MICHAEL J. VONDENSTEIN**