UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JOHN THIBODEAUX, ET AL** | NO.:  6:18-CV-00501-RRS-CBW(LEAD) |
| | NO.:  6:18-CV-01414-RRS-CBW (MEMBER) |
| **VERSUS** | |
| | **JUDGE ROBERT R. SUMMERHAYS** |
| **J. M. DRILLING, LLC, ET AL** | |
| | **MAGISTRATE CAROL B. WHITEHURST** |

**ANSWER AND COUNTER-CLAIM IN NO.: 6-18-CV-01414-RRS-CBW (MEMBER)**

NOW INTO COURT, through undersigned counsel, comes defendant, **J. M. DRILLING, LLC**, who hereby Answers the Complaint for Declaratory Relief filed by Rockhill Insurance Company and which also asserts a counter-claim against Rockhill Insurance Company as follows:

**ANSWER**

1.

The allegations of Paragraph 1 are admitted.

2.

The allegations of Paragraph 2 are admitted.

3.

The allegations of paragraph 3 are admitted.

4.

The allegations of Paragraph 4 are admitted only to the extent that Rockhill seeks a Judgment, the merits of Rockhill's complaint are specifically denied.

5.

The allegations of paragraph 5 are admitted.

6.

The allegations of paragraph 6 are admitted.

7.

The allegations of Paragraph 7 are admitted.

8.

The allegations contained in Paragraph 8 are moot since this matter was transferred to the United States District Court for the Western District of Louisiana - Lafayette Division.

9.

The allegations of Paragraph 9 are admitted.

10.

The allegations of Paragraph 10 are admitted.

11.

The allegations of Paragraph 11 are admitted.

12.

The allegations of Paragraph 12 are admitted.

13.

The allegations of Paragraph 13 are admitted as to Notice provided by Admiral, but upon information and belief, Notice may have been given in late February/earlier in March of 2017 by J. M. Drilling's insurance agent.

14.

The allegations of Paragraph 14 are admitted.

15.

The allegations of Paragraph 15 are admitted.

16.

The allegations of Paragraph 16 are admitted.

17.

The allegations of Paragraph 17 are admitted.

18 - 29.

The allegations of Paragraphs 18 - 29 are admitted to the extent that these allegations simply quote allegations from the Thibodeaux Petitions.

30.

The allegations of Paragraph 30 are admitted to the extent that it notes allegations contained in the Thibodeaux Petitions.

31.

The allegations of Paragraph 31 are admitted to the extent that it quotes the Amended Judgment.

32.

The allegations of Paragraph 32 are admitted to the extent that it quotes the Amended Judgment.

33.

The allegations contained in Paragraph are admitted that the trial court granted Thibodeaux's Motion for Summary Judgment.

34.

The allegations contained in Paragraph 34 are moot since the trial in the Thibodeaux lawsuit was held from March 26-30, 2018.

35.

The allegations contained in Paragraph 35 are admitted.

36 - 39.

The allegations contained in Paragraphs 36 - 39 which simply quote policy provisions are admitted to the extent that those are accurate quotes.

40.

The allegations contained in Paragraph 40 are admitted only to the extent that it is an accurate quote of the Subsidence Exclusion, however the applicability of this Exclusion to this case is specifically denied.

41.

The allegations contained in Paragraph 41 are admitted only to the extent that it is an accurate quote of the Residential Construction Exclusion, however the applicability of this Exclusion to this case is specifically denied.

42.

The allegations contained in Paragraph 42 are a "catch-all" allegation and the answers to the specific allegations as previously set forth are adopted and incorporated by reference.

43.

The allegations contained in Paragraph 43 are admitted.

44.

The allegations contained in Paragraph 44 are admitted only to the extent that Rockhill is seeking a judicial determination of the parties' rights and duties.

45.

The allegations contained in Paragraph 45 are denied.

46.

The allegations contained in Paragraph 46 are denied.

47.

The allegations contained in Paragraph 47 are denied.

48.

The allegations contained in Paragraph 48 are denied.

49.

The allegations contained in Paragraph 49 are denied.

50.

The allegations contained in Paragraph 50 are denied.

AND NOW further answering the Rockhill Complaint, it is averred that:

51.

Rockhill was placed on Notice for its potential exposure more than one year before the trial date and was clearly not prejudiced by any alleged late notice (which late notice is denied).

52.

The work being performed by J.M. Drilling that is the alleged cause of Thibodeaux's injuries was pursuant to a contract between J.M. Drilling and Bell South Telecommunications to install fiber optic cable.

53.

The work performed by J.M. Drilling was pursuant to a commercial and not a residential construction contract so as to make that Exclusion inapplicable.

54.

By its very name, the nature of the work performed by J.M. Drilling involves movement of land and earth so as to make the subsidence exclusion unreasonable as J.M. Drilling would not have knowingly purchased an insurance policy that would not cover losses due to man-made earth movement since it is in the excavation, drilling and digging business.

## COUNTER-CLAIM

AND NOW, assuming the position of Counter-claimant, it is s specifically averred that:

1.

Made Counter-claim defendant is:

> **ROCKHILL INSURANCE COMPANY**, a foreign insurance company authorized to and doing business in the State of Louisiana that issued an excess commercial general liability policy to J. M. Drilling LLC.

2.

Rockhill Insurance Company issued an excess Commercial Follow Form Policy, policy number FF013178 in favor of defendant/third party plaintiff J. M. Drilling LLC that was in full force and effect on June 9, 2015, the date of the alleged accident from which original state court plaintiffs John Thibodeaux, et al claim injuries and damages.

3.

The Rockhill policy is excess to an Admiral Insurance Company Commercial General Liability policy issued in favor of J. M. Drilling LLC, number CA 00001927801, that was in full

force and effect at the time of the alleged injury to John Thibodeaux and which contains primary limits of one million dollars per occurrence.

4.

The Rockhill policy contains limits of $5 million per occurrence and for which coverage J. M. Drilling LLC paid premiums in excess of $25,000.00.

5.

The Insuring Agreement contained in the Rockhill policy provides that Rockhill will pay the ultimate net loss in excess of the amount payable under the Admiral policy that the insured becomes legally obligated to pay as damages because of injury to which this insurance applies has been triggered since the Admiral policy obligations have been exhausted by payment in full.

6.

Original Plaintiffs, John Thibodeaux, et al, initially filed suit on August 24, 2015, alleging injuries as a result of the negligence of several parties, but not including J. M. Drilling LLC.

7.

On October 8, 2015, Thibodeaux amended the lawsuit to name J. M. Drilling LLC as a defendant, alleging that the negligence of J. M. Drilling LLC contributed to or caused his injuries.

8.

Thibodeaux's Second Amended Petition, filed on March 14, 2016, alleges that J. M. Drilling LLC was negligent for (1) hitting the sewer line pipe with a backhoe and breaking it; (2) failing to notify the owner that the pipe was broke and (3) failing to have the pipe fixed. The

alleged omissions/acts of negligence set the other alleged causes into operation (i.e., the cavern forming where Thibodeaux stepped and the ground giving way).

9.

On behalf of its insured, J. M. Drilling LLC, Admiral Insurance Company defended against the claims of John Thibodeaux since J. M. Drilling LLC was made a defendant on October 8, 2015 through the trail of March 26 - 30, 2018.

10.

On January 30, 2017, Plaintiff John Thibodeaux submitted information to J. M. Drilling LLC and Admiral Insurance Company that he was seeking a lost wage claim that alone was in excess of the Admiral limits.

11.

Upon receiving the information from Plaintiff John Thibodeaux concerning his alleged lost wage claim, J. M. Drilling LLC and/or Admiral Insurance Company put Rockhill on notice of its potential exposure as an excess insurer and demanded that Rockhill acknowledge coverage to J. M. Drilling LLC under its excess policy.

12.

Despite repeated requests from both J.M. Drilling LLC and the Thibodeaux's that Rockhill provide coverage to J. M. Drilling LLC in its capacity as an excess insurer of J. M. Drilling LLC, Rockhill has declined to accept coverage to J. M. Drilling LLC for the claims of John Thibodeaux.

13.

On August 22, 2017, John Thibodeaux filed a Fourth Supplemental and Amending Petition. Contained in this Fourth Amended Petition are allegations that J. M. Drilling LLC

failed to stop work and notify the owner of the sewer pipe after they negligently struck and dislodged the pipe. These allegations constitute an additional basis for coverage under the Rockhill policy issued to J. M. Drilling LLC.

14.

After receiving a copy of the Fourth Supplemental and Amending Petition and another request for coverage by J. M. Drilling LLC under its policy, Rockhill once again declined to accept coverage.

15.

Admiral Insurance Company has accepted coverage in favor of J. M. Drilling LLC and has defended J.M. Drilling LLC throughout the pendency of the state court personal injury suit brought by Mr. Thibodeaux et al.

16.

On April 6, 2018, a Judgment was entered in which J. M. Drilling LLC was cast for damages in the amount of $ 3,698,118.00, an amount in excess of the limits of the policy issued by Admiral but within the policy limits of Rockhill Insurance policy issued to J. M. Drilling (the "Thibodeaux Judgment").

17.

The Rockhill policy expressly provides that Rockhill is obligated to pay on behalf of J. M. Drilling LLC, the amounts of the April 6, 2018 Judgment which is in excess of the Admiral policy obligation.

18.

Admiral Insurance Company has fulfilled all its payment obligations under the policy it issued to J. M. Drilling, LLC, thus triggering the obligation of Rockhill Insurance Company to

assume the defense of J. M. Drilling LLC in the underlying Thibodeaux state court tort suit, including all defense costs associated with the appeal of the state court judgment.

19.

J. M. Drilling formally tendered the Appeal of the underlying Thibodeaux lawsuit to Rockhill on August 14, 2018.

20.

Rockhill never responded in any manner to the August 14, 2018 tender of the Appeal.

21.

J. M. Drilling LLC asserts that Rockhill Insurance Company has materially breached its contract with J. M. Drilling LLC by failing and refusing to acknowledge coverage to J. M. Drilling LLC under the clear terms of the insurance policy issued by Rockhill to J. M. Drilling LLC.

22.

On June 6, 2018, J. M. Drilling, through Mr. J. Brandon McWherter, its attorney in Tennessee, sent Rockhill Insurance Company a Notice that J. M. Drilling intended to bring an action for statutory bad faith claims, such notice letter being required under Tennessee statutes.

23.

On August 3, 2018, Mr. Ronald T. Hill, the Tennessee attorney for Rockhill Insurance Company responded to the J. M. Drilling Notice by maintaining its coverage position.

24.

Rockhill's breach of its contract with J. M. Drilling LLC was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. Specifically, Rockhill intentionally, fraudulently, maliciously, and/or recklessly: (1) failed and refused to

provide insurance coverage to J. M. Drilling LLC for the Thibodeaux Judgment; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding J. M. Drilling LLC's claim for insurance proceeds; (3) unjustly refused and/or failed to fully honor its obligations to J. M. Drilling LLC for Rockhill's own financial preservation with no reasonable or justifiable basis; (4) failed to treat J. M. Drilling LLC's interests with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide the services and benefits it promised; (6) took unreasonable coverage positions to avoid liability when such positions were, and are, contrary to the law and the facts; and (7) such other facts as described elsewhere in this Complaint, to be determined during discovery, and to be shown at trial. Rockhill Insurance Company knew, or reasonably should have known, that J. M. Drilling LLC was justifiably relying on the money and benefits to which it was entitled under the terms of the Rockhill insurance policy. Nevertheless, acting with conscious disregard for J. M. Drilling LLC's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on J. M. Drilling LLC, Rockhill Insurance Company consciously denied J. M. Drilling LLC's valid claim and withheld money and benefits due J. M. Drilling LLC. J. M. Drilling LLC seeks, and is entitled to, punitive damages under Tennessee law.

25.

J. M. Drilling LLC asserts that Rockhill Insurance Company has acted in bad faith under the applicable statutes and common law of the State of Tennessee towards its insured, J. M. Drilling LLC, and that J. M. Drilling LLC is entitled to just compensation, including attorney fees, for Rockhill's bad faith.

26.

In the event that this court finds that there is no coverage under the Rockhill policy as written, it is requested that this Court reform the policy so as to accurately reflect the true intent of the parties to the insurance contract, especially since J. M. Drilling, LLC is in the excavation business, any excavation work would necessarily by definition include earth movement and/or subsidence and J. M. Drilling, LLC paid in excess of $25,000.00 in premiums for the excess coverage.

27.

The subsidence exclusion was not included in any quote for insurance provided by Rockhill Insurance Company to J. M. Drilling for the policy that was in effect at the time of the Thibodeaux incident.

28.

The subsidence exclusion was included in a quote for the subsequent 2016 policy issued by Rockhill to J. M. Drilling.

29.

Upon request by the insurance agent for J. M. Drilling, the Underwriters for Rockhill Insurance Company subsequently deleted the subsidence exclusion from the proposed 2016 policy.

30.

The subsidence exclusion in the 2015 Rockhill policy was never contemplated by the parties and the policy should be reformed to delete that exclusion.

31.

The Rockhill policy issued to J. M. Drilling is labelled as a Commercial Follow Form Policy. The Insuring Agreement provides that "this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the underlying insurance except as otherwise provided in this policy".

32.

Admiral Insurance Company's underlying policy issued to J. M. Drilling does not contain any subsidence exclusion.

33.

The Rockhill policy should be reformed to delete the subsidence exclusion (if it is applicable) to the extent that it is inconsistent with the coverage provided by the Admiral policy as under the "following form provision", it must give way.

WHEREFORE, defendant, J. M. Drilling LLC prays that this Answer be deemed to be good and sufficient, and that after due proceedings had, there be declaratory judgment in favor of J. M. Drilling LLC, recognizing the existence of coverage under the Rockhill policy for the liability of J. M. Drilling LLC to John Thibodeaux et al, that are in excess of the Admiral policy obligation, including the obligation of Rockhill Insurance Company to assume the defense of J. M. Drilling LLC since Admiral has fulfilled its payment obligations under the its primary policy.

J. M. Drilling LLC further prays that this Court find that Rockhill Insurance Company acted in bad faith and/or breached its contract with J. M. Drilling LLC, entitling J. M Drilling LLC to compensatory damages, punitive damages and attorney fees.

Respectfully submitted:

**RABALAIS & HEBERT**

*s/ Melvin A. Eiden*
_____
**MELVIN A. EIDEN (#19557) TA**
**BLAKE T. COUVILLION (#37443)**
**701 Robley Dr., Suite 210**
Lafayette, Louisiana 70503
(337) 981-0309
**ATTORNEY FOR DEFENDANT,**
**J. M. DRILLING, LLC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has this day been forwarded as follows:

|     |                          |
| --- | ------------------------ |
| --- | U.S. Mail (First Class)  |
| --- | Hand Delivery            |
| --- | Facsimile                |
| --- | Overnight Delivery       |
| X   | E-Mail – All Known Counsel |

Lafayette, Louisiana on this 29th day of November, 2018.

*s/ Melvin A. Eiden*
_____
**MELVIN A. EIDEN**