UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| John Thibodeaux, et al. | Civil Action No. 6:18-00501 |
| versus | Judge Robert R. Summerhays |
| J.M. Drilling, LLC, et al. | Magistrate Judge Carol B. Whitehurst |

## RULING AND ORDER

Pending before the undersigned magistrate judge is the Motion to Transfer [Doc. 8] filed by defendant Rockhill Insurance Company ("Rockhill"). In its motion, Rockhill seeks to transfer the above-captioned matter to a related matter filed in the United State District Court for the Western District of Tennessee – Eastern Division, bearing the caption *Rockhill Insurance Company v. J.M. Drilling, LLC*, Civil Action No. 18-1050. The motion is opposed by plaintiffs John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, and Emily Thibodeaux (collectively, the "plaintiffs") [Doc. 18]. Bellsouth Telecommunications, LLC ("Bellsouth," as claimant, claimant-in-cross-claim, and claimant-in-counterclaim) filed a response, adopting the response of the plaintiffs [Doc. 20], as did defendant J.M. Drilling, LLC ("J.M. Drilling") [Doc. 21]. Rockhill filed three reply briefs [Docs. 35, 37, & 39]. For the following reasons, the Motion to Transfer is DENIED.

The declaratory judgment action in this Court arises out of a Louisiana personal injury case. John and Amy Thibodeaux, individually and on behalf of their daughters, Gabrielle and Emily Thibodeaux, filed suit against J.M. Drilling and others as a result of injuries allegedly sustained by John Thibodeaux in a work-related accident. Thibodeaux filed suit in the 15th Judicial District Court for the Parish of Lafayette, Louisiana on August 14, 2015. In January 2017, all defendants in the underlying Thibodeaux state court lawsuit, except J. M. Drilling, were dismissed on motions for summary judgment.[1] After a jury trial on March 26-29, 2018, the jury returned a verdict in favor of the underlying Thibodeaux lawsuit plaintiffs in the amount of $3,698,118. On April 16, 2018, the Louisiana state court entered judgment against J. DM. Drilling for the amount awarded by the jury and in favor of intervenor BellSouth Communications on its claim for reimbursement of worker's compensation benefits paid to John Thibodeaux.

Admiral Insurance Company ("Admiral") was J.M. Drilling's primary commercial liability insurer, with policy limits of $1,000,000.00. Admiral accepted coverage for the allegations in the undersigned state court lawsuit and retained counsel to defend J.M. Drilling. J.M. Drilling's excess insurer was Rockhill; the

---

[1] J.M. Drilling was left as the sole defendant in the case. BellSouth's intervenor claim against J.M. Drilling for reimbursement of worker's compensation benefits paid to John Thibodeaux through the date of trial also remained pending.

policy in question has limits of $5,000,000.00 and lists Admiral as the underlying primary insurer in the Schedule of Underlying Insurance.

On March 26, 2018 – before the jury rendered its verdict in the underlying Louisiana state court case – Rockhill filed a declaratory judgment action against J.M. Drilling in the United States District Court for the Western District of Tennessee, Eastern Division, Case No. 18-1050, seeking a declaration that Rockhill has no duty to defend and indemnify any party for any of the claims asserted in the underlying Louisiana state court lawsuit. J.M. Drilling filed a counterclaim against Rockhill for breach of contract and bad faith. The only parties to the Tennessee lawsuit were Rockhill and J.M. Drilling.

Shortly after the Louisiana state court jury returned its verdict, on April 12, 2018, the underlying Thibodeaux plaintiffs filed a separate declaratory judgment action in this court, naming as defendants J.M. Drilling, Admiral, Rockhill, and Bellsouth, and seeking a declaration that there is coverage under the Rockhill policy for plaintiffs' damages in excess of the $1,000,000.00 policy limits under the Admiral policy. On May 16, 2018, Rockhill filed the instant motion to transfer this matter to the Western District of Tennessee [Doc. 8]; the underlying state court plaintiffs, as well as J.M. Drilling and Bellsouth, oppose the motion.

Meanwhile, in the Tennessee federal court case filed by Rockhill, J.M. Drilling

moved to dismiss the case under Rule 19 of the Federal Rules of Civil Procedure on grounds the underlying state court plaintiffs and Bellsouth were necessary and indispensable parties who had not been joined in the Tennessee action and could not be joined because of the Tennessee court's lack of personal jurisdiction over them. In the alternative, J.M. Drilling asked the Tennessee federal court to decline to exercise discretionary jurisdiction over the action in light of the Louisiana federal action proceeding in this Court.

    This Court deferred ruling on Rockhill's motion to transfer filed in the instant action until the Tennessee federal court took action on the motion to transfer filed in that case, as the briefing in connection with the Tennessee motion addressed the issues raised in the motion pending before this Court. On October 30, 2018, the Tennessee court granted J.M. Drilling's motion to transfer the Tennessee federal court action to this Court, while declining to rule on the motion to dismiss. In its ruling, the Tennessee federal court determined that under 28 U.S.C. §1404(a), for the convenience of the parties and witnesses, and in the interests of justice, the Tennessee case would more properly proceed in Louisiana federal court. The Tennessee court specifically found that the Louisiana federal court action contains both coercive and declaratory claims, and noted the presumption that substantive cases should take precedence over declaratory actions, the location of all witnesses and evidence in

Louisiana (except for the confection of the Rockhill policy), and the fact that judgment had been rendered by the Louisiana state court jury in Louisiana.

In the instant motion, Rockhill seeks a transfer of the instant case to the Western District of Tennessee and a stay to determine whether the two cases should be consolidated in the Tennessee federal court. For the following reasons, the motion is DENIED.

In its motion, Rockhill argues the Tennessee federal court is the more appropriate venue for this action, in large part because that case was the first to be filed, and because the Rockhill insurance policy was confected in Tennessee. However, the Tennessee court laid out the reasons the lawsuits would be more appropriately litigated in Louisiana federal court, and this Court agrees with the Tennessee court's Section 1404(a) analysis and conclusion that the cases more appropriately proceed in this Court. To that end, the ruling of the Tennessee federal court is referenced and adopted herein *in globo*. Moreover, at this juncture, there is no related case pending in the Tennessee court, as that matter has already been transferred to this Court. In essence, the issue of transfer to the Tennessee federal court has become a moot one.

Considering the foregoing, IT IS ORDERED that the Motion to Transfer [Doc. 8] filed by defendant Rockhill Insurance Company ("Rockhill") is DENIED.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 13th day of December, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE