# UNITED STATES DISTRICT COURT
## WESTERN DIVISION OF LOUISIANA
### LAFAYETTE DIVISION

John Thibodeaux, et al.                          Civil Action No. 6:18-0501

versus                                           Judge Robert R. Summerhays

J.M. Drilling, LLC, et al.                       Magistrate Judge Carol B. Whitehurst


## REPORT AND RECOMMENDATION

Before the Court upon referral from the district judge is the Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) filed by defendant, Admiral Insurance Company ("Admiral) [Rec. Doc. 54]. The motion is unopposed. For the following reasons, the undersigned recommends that the motion to dismiss be GRANTED, and that all claims alleged against Admiral be DENIED AND DISMISSED WITH PREJUDICE.

The facts as set forth by the movant in its motion are uncontroverted and are therefore incorporated herein *in toto*. The pending motion essentially argues that in July 2018, a settlement was confected between the plaintiffs in this matter, J.M. Drilling, LLC ("JM Drilling"), and Admiral, JM Drilling's insurer. The settling parties, in consideration of a certain payment by Admiral, executed a Receipt, Release and Indemnity Agreement which resulted in a full release of Admiral by the plaintiffs of any and all claims asserted in the underlying lawsuit, including

satisfaction of the worker's compensation lien of Bellsouth Telecommunications, L.L.C. ("Bellsouth"), and, additionally, the discharge of Admiral of any and all obligations under the primary insurance policy, reserving to the plaintiffs their right to pursue their claims against Rockhill Insurance Company, the excess insurer of JM Drilling.  Additionally, a Partial Satisfaction of Final Judgment by plaintiffs and a Satisfaction of Judgment by Bellsouth, were filed into the Court record in the underlying Thibodeaux Lawsuit.  Additionally, in this matter, Bellsouth filed a Motion for Judgment of Partial Dismissal to effect the dismissal, with prejudice, of its counter-claim against plaintiffs and its cross-claim against JM Drilling and Admiral, which was granted by the Court [Rec. Docs. 48 and 52].  Thus, there is no longer any justiciable controversy between the plaintiffs and Admiral, or between Bellsouth and Admiral, or between JM Drilling and Admiral, with respect to the underlying Thibodeaux Lawsuit.  The instant motion is unopposed and no party contradicts the facts as set forth above.

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss filed by Admiral [Doc. 54] be **GRANTED** and that all claims alleged against JM Drilling be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b),

parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 11th day of February, 2019.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

3