UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JOHN THIBODEAUX, ET AL. | * | NO. 6:18-CV-501 (LEAD) |
| | * | |
| VERSUS | * | |
| | * | |
| J.M. DRILLING, LLC, ADMIRAL | * | |
| INSURANCE COMPANY, ROCKHILL | * | |
| INSURANCE COMPANY, AND | * | |
| BELLSOUTH TELECOMMUNICATIONS, | * | |
| LLC | * | |
| | * | |
| | * | |
| ROCKHILL INSURANCE COMPANY | * | NO. 6:18-CV-1414 (MEMBER) |
| | * | |
| VERSUS | * | JUDGE ROBERT R. SUMMERHAYS |
| | * | |
| J.M. DRILLING, LLC | * | MAGISTRATE JUDGE |
| | * | CAROL B. WHITEHURST |
| | * | |

*******************************************************************************

**ADMIRAL INSURANCE COMPANY'S RESPONSE TO ROCKHILL INSURANCE COMPANY'S OBJECTIONS TO REPORT AND RECOMMENDATION [DOC. 87] AND TO ADMIRAL INSURANCE COMPANY'S MOTION TO DISMISS [DOC. 54]**

MAY IT PLEASE THE COURT:

Admiral Insurance Company ("Admiral"), defendant in Civil Action No. 18-501, respectfully submits this Response to Rockhill Insurance Company's Objections to Report and Recommendation [Doc. 87] and to Admiral Insurance Company's Motion to Dismiss [Doc. 54], urging that this Court accept the recommendation of the Magistrate Judge and dismiss, with prejudice, all claims against Admiral in this matter.

As the Magistrate Judge's Report and Recommendation recites, as a result of a settlement confected between Plaintiffs, J.M. Drilling, LLC ("J.M. Drilling") and Admiral, there exists no justiciable controversy "between the plaintiffs and Admiral, or between Bellsouth and Admiral, or

- 1 -

between J.M. Drilling and Admiral, with respect to the underlying *Thibodeaux* Lawsuit."[1] Defendant, Rockhill Insurance Company ("Rockhill"), the excess insurer of J.M. Drilling, has no claim against Admiral, failed to timely oppose Admiral's Motion to Dismiss[2] and has belatedly attempted to convert implausible coverage defenses with respect to the Plaintiffs' Complaint and the Cross-Claim by its insured, J.M. Drilling, into specious grounds to oppose Admiral's dismissal, which arguments it is respectfully submitted should be rejected by this Honorable Court, for the reasons stated herein.

## I. FACTS

This declaratory judgment action stems from an underlying lawsuit filed by the Plaintiffs, John Thibodeaux, et al., against J.M. Drilling for the recovery of damages for personal injuries sustained by John Thibodeaux in an accident which occurred on June 9, 2015, while employed by BellSouth. In January, 2017, all defendants in the *Thibodeaux* lawsuit, except J.M. Drilling, were dismissed by the Court pursuant to Motions for Summary Judgment. After the grant of summary judgment in favor of Plaintiffs and against J.M. Drilling on the issue of liability, the case proceeded to trial on damages only and, on March 29, 2018, the jury returned a verdict in favor of Plaintiffs and against J.M. Drilling, awarding damages to John Thibodeaux in the amount of $3,538,118.00; to Amy Thibodeaux in the amount of $150,000.00; and to Gabrielle Thibodeaux in the amount of $10,000.00. The trial court entered a Judgment on April 6, 2018, in accordance with the jury verdict, and a Judgment was also entered in favor of the intervenor, BellSouth Telecommunications, L.L.C. ("BellSouth"), on its worker's compensation lien.

---

[1] Rec. Doc. 87, p.2.

[2] Rec. Doc. 54.

As stated in the Complaint for Declaratory Judgment,[3] Admiral issued a primary Commercial General Liability insurance policy to J.M. Drilling with a limit of $1,000,000.00, while defendant, Rockhill, issued an excess insurance policy to J.M. Drilling with a liability limit of $5,000,000.00.  As noted in Admiral's Memorandum in Support of its Motion to Dismiss,[4] the Thibodeaux Complaint for Declaratory Judgment prays for declaratory relief solely against Rockhill Insurance Company.

In July, 2018, a settlement was effected between Plaintiffs, J.M. Drilling and Admiral, pursuant to which the settling parties, in consideration of a certain payment by Admiral Insurance Company, executed a Receipt, Release and Indemnity Agreement which resulted in a full release of Admiral by Plaintiffs of any and all claims asserted in the underlying *Thibodeaux* lawsuit, including satisfaction of BellSouth's worker's compensation lien, and additionally the discharge of Admiral by J.M. Drilling of any and all obligations under the primary insurance policy, reserving to Plaintiffs their right to pursue their claims against J.M. Drilling in excess of Admiral's policy limit, and in particular, against Rockhill as J.M. Drilling's excess insurer.[5]  In connection with that settlement, a Partial Satisfaction of Final Judgment by Plaintiffs and a Satisfaction of Judgment by BellSouth were filed into the Court record in the Thibodeaux Lawsuit. Also, BellSouth filed a Motion for Judgment of Partial Dismissal to effect the dismissal, with prejudice, of its Counter-Claim against Plaintiffs and its Cross-Claim against J.M. Drilling and Admiral in this declaratory judgment action, which was granted by the Court.[6]

---

[3] Rec. Doc. 6.

[4] Rec. Doc. 54-1.

[5] Receipt, Release and Indemnity Agreement, filed under seal with the Court, Rec. Doc. 57.

[6] Rec. Docs. 48 and 52.

As a result, there is no longer any judiciable controversy between Plaintiffs and Admiral, or between BellSouth and Admiral, or between J.M. Drilling and Admiral, with respect to the *Thibodeaux* lawsuit and, accordingly, on October 26, 2018, Admiral filed its Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6).[7] The Court promptly issued a Notice of Motion Setting Without Oral Argument on October 29, 2018, establishing the deadline for Opposition within twenty-one (21) days pursuant to Local Rule 7.5, or by November 16, 2018.[8] The submission date on Admiral's Motion to Dismiss was set by the Court for December 19, 2018.

Following the expiration of the deadline for the filing of any opposition to Admiral's Motion to Dismiss, undersigned counsel for Admiral circulated an e-mail to all counsel of record on November 19, 2018, noting that no opposition was filed with the Court by any party on or before the deadline, and inquiring as to whether there was any opposition to Admiral's Motion to Dismiss, so that the Court may be notified accordingly.[9] Rockhill's counsel of record at that time, Mark A. Perkins, on November 20, 2018, stated in a reply e-mail that he had no opposition to Admiral's Motion to Dismiss.[10] Likewise, counsel for both J.M. Drilling and Plaintiffs, respectively, stated they had no opposition to Admiral's Motion to Dismiss.[11] After Rockhill hired new counsel, on November 26, 2018, Admiral further sought to confirm with Rockhill's newly enrolled counsel of record that the Motion to Dismiss was unopposed.[12] Rockhill's new attorney did not reply to that e-mail. It was not until February 6, 2019, almost two and a half months later, that Rockhill's attorney contacted Admiral's undersigned counsel to advise that he planned to file an opposition to

---

[7] Rec. Doc. 54.

[8] Rec. Doc. 56.

[9] See e-mail of undersigned counsel for Admiral, dated November 19, 2018, attached as Exhibit 1.

[10] See e-mail from Mark A. Perkins, counsel for Rockhill, dated November 20, 2018, attached as Exhibit 2.

[11] See e-mail from Melvin A. Eiden, counsel for J.M. Drilling, dated November 21, 2018, attached as Exhibit 3 and e-mail from Edward O. Taulbee, IV, counsel for Plaintiffs, dated November 26, 2018, attached as Exhibit 4.

[12] See e-mail of undersigned counsel for Admiral, dated November 26, 2018, attached as Exhibit 5.

Admiral's Motion to Dismiss later that day and inquired as to Admiral's position on the filing by Rockhill of a Motion for Leave to file such an opposition with the Court.[13] Considering the circumstances, undersigned counsel promptly replied that Admiral objects to the late filing by Rockhill of an opposition to Admiral's pending Motion to Dismiss and requested that Rockhill's Motion for leave be set as a contested matter, so that Admiral would have an opportunity to submit its opposition memorandum in accordance with the Local Rules of Court.[14] No such Motion for Leave to file an opposition to Admiral's Motion to Dismiss was ever filed by Rockhill. Magistrate Judge Whitehurst issued the Report and Recommendation with respect to Admiral's Motion to Dismiss on February 11, 2019.[15]

Thereafter, on February 26, 2019, Rockhill filed with the Court a memorandum entitled, "Rockhill Insurance Company's Objections to Report and Recommendation [Doc. 87] and to Admiral Insurance Company's Motion to Dismiss (Doc. 54]", which is styled as both an objection to the Magistrate's recommendation and an opposition to the Motion to Dismiss, citing purported "new developments," which relate solely to the pending claims between the Thibodeaux Plaintiffs, J.M. Drilling, and Rockhill, arguing that these constitute pertinent developments as to whether there is a justiciable controversy as to Admiral. However, there remain no pending claims against Admiral in this action, and the only parties with any standing to assert such claims, have executed a Receipt, Release and Indemnity Agreement in settlement of all claims and have filed no opposition to either Admiral's Motion to Dismiss or to the Magistrate Judge's Report and Recommendation.

---

[13] See e-mail from Robert J. David, Jr., counsel for Rockhill, dated February 6, 2019, attached as Exhibit 6.

[14] See e-mail of undersigned counsel for Admiral, dated February 6, 2019, attached as Exhibit 7.

[15] Rec. Doc. 87.

## II. THIS COURT NEED NOT CONSIDER ROCKHILL'S UNTIMELY "OBJECTIONS" TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

It is well-settled that:

> . . . [E]vidence and arguments presented for the first time upon objection to a report and recommendation need not be considered. *Rhodes v. Dir., TDCJ–CID,* No. 6:11–CV236, 2011 WL 6153088, at *3 (E.D.Tex. Dec. 12, 2011) ("The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court.") (citing *Finley v. Johnson,* 243 F.3d 215, 218 n. 3 (5th Cir.2001), *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir.1992), *Cupit v. Whitley,* 28 F.3d 532, 535 n. 5 (5th Cir.1994)).[16]

The Fifth Circuit's statements in *Finley, Armstrong* and *Cupit* are in accord with the law in other circuits. For example, in *Robb Evans & Associates, LLC v. United States*,[17] the Court stated "the law is settled that a litigant must put its best foot forward before a magistrate judge, and cannot introduce new arguments for the first time on the district court's review of the magistrate judge's ruling or recommendation."[18] In *Ridenour v. Boehringer Ingelheim Pharm., Inc.*,[19] the Eighth Circuit elaborated not just on the principle, but the reasoning behind it:

> " 'a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review.'" *Madol v. Dan Nelson Auto. Group,* 372 F.3d 997, 1000 (8th Cir.2004) (quoting *Roberts v. Apfel,* 222 F.3d 466, 470 (8th Cir.2000)); *Hammann v. 1–800 Ideas.com, Inc.,* 455 F.Supp.2d 942, 947–48 (D.Minn.2006) ("A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge."). We have held that the "'purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court.' " *Roberts,* 222 F.3d at 470 (quoting *Reciprocal Exch. v. Noland,* 542 F.2d 462, 464 (8th Cir.1976)); *Borden v. Secretary of Health & Human Services,* 836 F.2d 4, 6 (1st Cir.1987) (Given that the purpose of the Federal Magistrate Act is to relieve the courts of unnecessary

---

[16] *Imperium (IP) Holdings, Inc. v. Apple, Inc.*, 920 F.Supp.2d 747, 752 (E.D. Tex.2013).

[17] 850 F.3d 24, 35–36 (1st Cir.2017).

[18] *Id. (citing Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 32 (1st Cir. 2014); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990 (1st Cir. 1988)).

[19] 679 F.3d 1062 (8th Cir.2012).

work, it "would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate."). Just as parties cannot present arguments to the appellate court that they did not raise before the district court, "[p]arties must take before the magistrate, 'not only their "best shot" but all of their shots.' " *Borden,* 836 F.2d at 6 (quoting *Singh v. Superintending School Committee,* 593 F.Supp. 1315, 1318 (D.Me.1984)).[20]

Succinctly, Rockhill failed to raise any arguments against Admiral's Motion to Dismiss before the Magistrate Judge, despite ample opportunity to do so, and chose instead to belatedly file its memorandum with the District Judge. Admiral respectfully submits that this Court should decline to entertain these untimely arguments by Rockhill, accept the Report and Recommendation of the Magistrate Judge, and grant Admiral's Motion to Dismiss, ordering that all claims against Admiral be dismissed, with prejudice, in this matter.

### III. THE ARGUMENTS RAISED BY ROCKHILL ARE IN DEFENSE OF THE CLAIMS ASSERTED BY THE PLAINTIFFS AND J.M. DRILLING AND DO NOT CREATE ANY JUSTICIABLE CONTROVERSY AS TO ADMIRAL.

Rockhill is arguing erroneously, in defense of the claims by J.M. Drilling, that Admiral should have a continuing duty to defend J.M. Drilling in the underlying Thibodeaux lawsuit, including the pending appeal. As noted, J.M. Drilling is seeking defense and coverage from Rockhill under the excess insurance policy. Rockhill's argument is that Admiral's policy limit was not fully exhausted; however, Rockhill fails to take into consideration the fact that **Admiral was fully released and discharged by Plaintiffs and J.M. Drilling pursuant to the Receipt, Release and Indemnity Agreement executed by and amongst Plaintiffs, J.M. Drilling and Admiral**. Under the terms of this Agreement, the parties stipulated that by virtue of its settlement payment Admiral has exhausted its policy limit in full and complete satisfaction of its policy obligations to J.M. Drilling, as a result of which Admiral shall not have any further liability unto Plaintiffs and/or J.M. Drilling, or any other persons and/or entities, with respect to the Thibodeaux Lawsuit and,

---

[20] *Ridenour,* 679 F.3d at 1067.

specifically, that J.M. Drilling immediately assumed full responsibility for its continuing defense in the Thibodeaux Lawsuit, and all attorney's fees, court costs, expert fees and litigation expenses associated therewith, including the pursuit of the devolutive appeal of the Trial Court Judgment and any subsequent appeal remedies, any remand to the District Court or the reversal or modification of the Judgment rendered against J.M. Drilling in the Trial Court, relative to the claims which are the subject of the Thibodeaux Lawsuit.[21]

Indeed, Rockhill concedes, on page 2 of its Memorandum that "Admiral entered into a settlement agreement under which the Thibodeaux Plaintiffs and JM Drilling released Admiral of any further coverage obligations, in exchange for Admiral's payment of $1 million."  Having made this admission, Rockhill's subsequent argument that Admiral should have a continuing duty to defend J.M. Drilling is clearly erroneous, and its contention that there is no jurisprudence supporting the "transfer" of Admiral's defense obligation to Rockhill is misguided.  Admiral has entered into a final settlement with both Plaintiffs and J.M. Drilling, and whether that settlement has any effect on Rockhill's defense obligations to J.M. Drilling is a separate question that does not create any justiciable controversy as to Admiral for this Court.

In addition, Rockhill further attempts to raise affirmative defenses to the claims of Plaintiffs and J.M. Drilling based on the Subsidence Exclusion, Residential Construction Exclusion. No "Occurrence", and Late Notice, none of which appear to be supported by the facts in evidence during the trial of the Thibodeauxs' claims in the State District Court.  While Admiral is of the view that these arguments by Rockhill as to how its policy should be interpreted under the facts of this case have no merit, they are not germane to the question of whether there is any justiciable

---

[21] See Receipt, Release and Indemnity Agreement, pp. 3-4.  Rockhill's arguments are contrary to the Fifth Circuit's long recognized "strong judicial policy favoring settlement of disputes." *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 207 (5th Cir.1981) (*citing United States v. City of Miami, Florida*, 614 F.2d 1322, 1342 (5th Cir. 1980)).

controversy as to Admiral. Whether or not Rockhill prevails on these <u>defenses to the claims asserted by Plaintiffs and J.M. Drilling</u>, respectively, in this declaratory judgment action seeking a determination by the Court that Rockhill affords excess insurance coverage for the Judgment rendered against J.M, Drilling in the underlying Thibodeaux Lawsuit, has no bearing whatsoever on Admiral's Motion to Dismiss.

Admiral filed its Motion to Dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) on the grounds there is no justiciable controversy as to Admiral in these proceedings. The issues before the Court in this declaratory judgment action pertaining to the claims by and between Plaintiffs, J.M. Drilling and Rockhill, either as originally filed or as amended by those parties, do not create a justiciable controversy as to Admiral, nor require that Admiral remain as a defendant.

## IV. <u>CONCLUSION</u>

Based on the foregoing, Admiral respectfully submits that the Report and Recommendation of the Magistrate Judge should be affirmed, and all claims against Admiral dismissed, with prejudice, in this matter.

Respectfully submitted,

s/ Michael J. Vondenstein
**MICHAEL J. VONDENSTEIN**
(Louisiana Bar Roll No. 13116)
**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**
One Galleria Boulevard
Suite 1400
Metairie, Louisiana 70001
Telephone: (504) 836-6500
Fax: (504) 836-6565
E-mail: mjv@hmhlp.com
Attorney for **ADMIRAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of same, along with a Notice of Electronic Filing, to all counsel for record.

s/ Michael J. Vondenstein
**MICHAEL J. VONDENSTEIN**