| | |
|---|---|
| **JOHN THIBODEAUX ET AL** | **CASE NO. 6:18-CV-00501 LEAD** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **J M DRILLING L L C ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## JUDGMENT

Presently before the court is the Report and Recommendation [Doc. 87] issued by the Magistrate Judge regarding the Motion to Dismiss filed by defendant Admiral Ins. Co. [Doc. 54]. Though no objection was filed to the Motion to Dismiss, Rockhill Insurance Co. now objects to the Report and Recommendation.

The Motion to Dismiss was filed by Admiral on October 26, 2018. Responses were due within 21 days.[1] No objection to the motion was filed and on February 11, 2019, the Report and Recommendation was issued. Rockhill subsequently objected.

The Fifth Circuit has held that issues raised for the first time in objections to a magistrate judge's findings are not properly before the district court.[2] Rockhill never raised an objection to the Motion to Dismiss prior to the Magistrate Judge's Report and Recommendation and are now untimely and not properly before the court. Further, the court finds that even if the arguments now being raised by Rockhill were timely made, they would not impact the Court's ruling. Admiral seeks dismissal because, in July 2018, a settlement was entered between the Plaintiffs in this matter, J.M. Drilling, LLC ("JM Drilling"), and Admiral, JM Drilling's insurer. The settling

---

[1] See L.R 7.5 as well as the Notice of Motion Setting without Oral Argument [Doc. 56]

[2] *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992);

parties, in consideration of a certain payment by Admiral, executed a Receipt, Release and Indemnity Agreement which resulted in a full release of Admiral by the Plaintiffs of any and all claims asserted in the underlying lawsuit as well as a discharge of Admiral of any and all obligations to JM Drilling under the primary insurance policy, reserving the right of the Plaintiffs to pursue Rockhill, the excess insurer of JM Drilling. There is no longer any justiciable controversy between the Plaintiffs and Admiral, or between Admiral and JM Drilling. In the untimely objection, Rockhill argues that liability under the excess polity has not been triggered due to some remaining obligation from Admiral. While Rockhill may very well be able to raise issues regarding whether liability under the excess policy has been triggered, that would not somehow reinstate liability on the part of Admiral given that both the Plaintiffs and the insured have released Admiral from liability.

Accordingly, for the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the Motion to Dismiss filed by defendant Admiral Insurance Company [Doc. 54] is **GRANTED** and that all claims against Admiral Insurance Company are **DENIED AND DISMISSED WITH PREJUDICE**.

THUS DONE in Chambers on this _____ day of April, 2019.

Robert R. Summerhays
United States District Judge