UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN THIBODEAUX, ET AL                CASE NO. 6:18-CV-00501 LEAD

VERSUS                                JUDGE SUMMERHAYS

J.M. DRILLING, LLC. ET AL             MAGISRATE JUDGE WHITEHURST

---

SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Now into court, through undersigned counsel, comes Plaintiffs, John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, and Emily Thibodeaux, who amend their Original Complaint for Declaratory Judgment as follows:

I.

Plaintiffs amend their Original Complaint for Declaratory Judgment for Paragraph 11 to read as follows:

"11.

Plaintiffs filed a Second Amended and Supplemental Petition for Damages asserting that J.M. Drilling, LLC. was negligent in the following non-exclusive particulars:

A.   Failing to properly ascertain and identify underground sewer and/or wastewater pvc pipes at 114 Meadow Gate before digging and/or trenching and/or directional borehole drilling right at, near, and/or across the sewer and/or

1

wastewater pvc pipes causing the pipes to break, tear, open, and leak/flood fluids:

B.   Striking, hitting, damaging the underground sewer and/or wastewater pvc pipes at 114 Meadow Gate while digging and/or trenching and/or directional bore hole drilling AT & T fiber optic cable; and

C.   Failing to notify Water & Wastewater Utilities, Inc. that its underground sewer and/or wastewater pvc pipes at 114 Meadow Gate had been struck, causing damage, leaking and flooding, so that appropriate repairs could be timely made.

J.M. Drilling's above captioned acts of negligence violated interconnected and interrelated duties set forth by the "Louisiana One Call" statutes, La.R.S. 40:1449.11, et. seq. J.M. Drilling's interconnected and interrelated negligence acts of failure to identify location of underground sewer force main pipe, hitting the underground sewer force main pipe while digging, and failure to contact the utility owner to fix the broken pipe before finishing operations set all others in motion (underground cavern forming) and was the efficient proximate cause of John Thibodeaux's accident. The above captioned acts of negligence were covered under J.M. Drilling's primary liability policy with Admiral Insurance Company and its follow-form excess/umbrella liability policy with Rockhill Insurance Company."

2

II.

Plaintiffs amend their Original Complaint for Declaratory Judgment for Paragraph 13 to read as follows:

"13.

Plaintiffs further expounded interconnected and interrelated acts of negligence against J.M. Drilling in Plaintiffs' Fourth Amended and Supplemental Petition as follows:

A.   In February 2015, J.M. Drilling, while performing work at 114 Meadow Gate, negligently pulled up and hooked the underground sewer force main pipe while digging with backhoe.  This caused the underground sewer force main to be pulled out of its connections upstream and downstream;

B.   J.M. Drilling had a duty to immediately stop work and notify the utility owner of the broken underground sewer force main so that the damage could be repaired in a timely manner by the utility company before J.M. Drilling continued with their work at 114 Meadow Gate; and

C.   J.M. Drilling's decision to simply discard the pulled up section of pipe and cover up the hole was negligence and clear violation of their duty to stop work and immediately report damage to utility owner.  If J.M. Drilling had fulfilled this duty, the damage would have been repaired in a timely manner, and the leak would not have caused an

underground cavern and the accident would not have occurred.

There was a single, uninterrupted course of conduct by J.M. Drilling that produced a single result (ground gave way and John Thibodeaux fell into cavern) to a single Plaintiff, John Thibodeaux. These allegations, taken as a whole, prove that J.M. Drilling failed to comply with the interrelated and interconnected duties of the "Louisiana One Call" statutes, La.R.S. 40:1749.11, et. seq."

III.

Plaintiffs amend their Original Complaint for Declaratory Judgment for Paragraph 26 to read as follows:

"26 (A).

The allegations of duties of J.M. Drilling are based upon the "Louisiana One Call" statutes, La.R.S. 40:1749.11, et. seq. which create a series of interrelated and interconnected duties to identify the location of underground utilities, not to damage underground utilities while excavating, and to report damage immediately if utilities are damaged during excavation.

26 (B).

Plaintiffs asserted that J.M. Drilling was guilty of negligent acts in violation of duties established by the "Louisiana One Call" statutes including (1) Failure to identify location of underground sewer force main, (2) Striking and

4

breaking underground sewer force main while excavating, and (3) Failure immediately report damage to utility owner before continuing any further operations.      J.M.    Drilling's actions/omissions were a series of interrelated and interconnected negligence acts/omissions which have both causal and logical connections and which occurred in a continuous, unbroken sequence or chain of events closely related in time and space to cause one event (ground gave way and John Thibodeaux fell into cavern) to one Plaintiff, John Thibodeaux.

26 (C).

The Louisiana Third Circuit Court of Appeals in "John Thibodeaux, et al. vs. Gulfgate Construction, LLC., et al.", Docket No. CA 2018-676 (03/07/2019) affirmed the jury's findings that J.M. Drilling (1) Failed to identify the underground sewer force main before excavating, (2) Broke the underground sewer force main while excavating, and (3) Failed to report the broken underground sewer force main to the utility owner so it could be fixed before J.M. Drilling continued any further operations", which Judgment is now final.

IV.

Plaintiffs amend their original Complaint for Declaratory Judgment to add paragraphs 31 (A), 31 (B), and 31 (C) to read as follows:

5

31 (A).

Plaintiffs assert that this Court should reform the Rockhill policy so as to accurately reflect the true intent of the parties to the insurance contract, namely, that the Subsidence Exclusion and the Residential Construction Exclusion should be removed from the policy and found to be not applicable to the facts of this case, based upon mutual mistake and/or failure of mutual intent, especially since J.M. Drilling, LLC is in the excavation business and any excavation work would be necessarily excluded from coverage if the subsidence exclusion were a part of the contract and J.M. Drilling, LLC would have paid in excess of $25,000 in premiums for excess coverage that did not provide them excess liability coverage for the primary function of their business, namely excavation.

31 (B).

Plaintiffs assert that Rockhill should be estopped from denying coverage on the basis of the Subsidence Exclusion and the Residential Construction Exclusion due to misrepresentations, bad acts, and negligence of Rockhill's agents and/or employees upon which the insured reasonably relied in agreeing to paying $25,000 for excess liability coverage which provided no substantial benefit to the insured and did not cover its primary business of excavation.

31 (C).

Plaintiffs assert that Rockhill has waived the contractual provisions of the insurance policy namely, Subsidence Exclusion and Residential Construction Exclusion due to the acts, representations, and knowledge of Rockhill's agents and/or employees.

## CONCLUSION

For the foregoing reasons, Plaintiffs, John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, and Emily Thibodeaux, pray that this Second Amended Complaint for Declaratory Judgment herein be duly filed and be electronically served on Defendants, through their counsel of record, requiring Defendants to answer all allegations of the Second Amended Complaint for Declaratory Judgment and, after due proceedings be had, there be Judgment in favor of Plaintiffs, against Defendants, together with legal interest and costs.

AND FOR ALL OTHER GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully Submitted,

/s/ Edward O. Taulbee, IV
Edward O. Taulbee, IV, LA Bar #12699
Christopher E. Taulbee, LA Bar #30753
1023 E. St. Mary Blvd.
Lafayette, LA 70503-2347
Phone:    337-269-5005
Fax:      337-269-5096
Email:    etaulbee@taulbeelaw.com

AND

/s/ Max Michael Menard
Max Michael Menard, LA Bar #22833
200 Church Street
P.O. Box 1196
Youngsville, LA 70592
Phone:     337-857-6123
Fax:       337-451-5707
Email:     max@youngsvillelawyer.com

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has

this day been electronically mailed to all counsel of record.

Lafayette, Louisiana, this 13 day of June 2019.

/s/ Edward O. Taulbee
Edward O. Taulbee, IV.-#12669