UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOHN THIBODEAUX, ET AL | NO.: 6:18-CV-00501-RRS-CBW |
| | 6:18-CV-01414-RRS-CBW |
| VERSUS | |
| | JUDGE ROBERT R. SUMMERHAYS |
| J.M. DRILLING, LLC, ET AL | |
| | MAGISTRATE CAROL B. WHITEHURST |
| | JURY REQUESTED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF INSIGHT RISK MANAGEMENT, LLC'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' STANDING**

MAY IT PLEASE THE COURT:

Defendant, INSIGHT RISK MANAGEMENT, LLC ("Insight"), respectfully submits this memorandum in support of its motion for summary judgment on the issue of the plaintiffs' standing. Because the plaintiffs have no standing and/or right of action against Insight, all claims of John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, and Emily Thibodeaux (collectively "the Thibodeauxs") against Insight should be dismissed with prejudice.

**Summary of the Argument**

The Thibodeauxs have alleged that Insight was negligent in procuring insurance for Insight's client, J.M. Drilling, LLC ("JM Drilling"). However, under both Louisiana and Tennessee law, insurance agents owe no duties to non-clients. It is undisputed that the Thibodeauxs were not clients of Insight. Accordingly, the Thibodeauxs have no standing and/or right of action against Insight, and the Thibodeauxs' claims against Insight should be dismissed with prejudice.

1

## Factual and Procedural Background

The Thibodeauxs previously sued JM Drilling in the 15th Judicial District Court for the Parish of Lafayette, alleging that JM Drilling's negligence caused an accident in which John Thibodeaux was injured. [R. Doc. 1-3.] On March 21, 2018, the district court in that case found JM Drilling liable for John Thibodeaux's injuries. [R. Doc. 1-7.] On March 29, 2018, a jury awarded damages to the Thibodeauxs exceeding $3 million. [R. Docs. 1-8, 1-9.]

On March 26, 2018, Rockhill filed a complaint for declaratory judgment in the U.S. District Court for the Western District of Tennessee.[1] Rockhill sought a declaration from the Court that its excess insurance policy for JM Drilling did not provide coverage for the underlying loss.

On April 12, 2018, the Thibodeauxs filed a complaint for declaratory judgment against Rockhill and JM Drilling, seeking a declaration from this Honorable Court that the Rockhill policy provides insurance coverage. [R. Doc. 1.] JM Drilling then filed its own crossclaim against Rockhill, seeking coverage. [R. Doc. 19.]

On November 7, 2019, JM Drilling filed a third-party demand against Insight (as insurance agent) and CRC Insurance Services, Inc. ("CRC") (as insurance broker), alleging that, in the event the Rockhill policy excludes coverage, Insight and CRC were negligent in procuring that policy. [R. Doc. 108.]

Relevant to the present motion, on November 14, 2019, the Thibodeauxs amended their complaint to make the same allegations against Insight and CRC. [R. Doc. 116.] They specifically allege that, in the event that the Rockhill policy does not provide coverage,[2] Insight was negligent in "failing to procure full insurance coverage as requested by" JM Drilling. [*Id.* at p. 4; *see also*

---

[1] *See Rockhill Ins. Co. v. J.M. Drilling, LLC*, U.S. District Court, Western District of Tennessee, Eastern Division, No. 6:18-cv-01414-RRS-CBW, R. Doc. 2.
[2] It is the position of all parties in this litigation (except Rockhill) that the Rockhill policy provides coverage. The Thibodeauxs, JM Drilling, and Insight have all filed motions for summary judgment on this issue. [*See* R. Docs. 215, 234, 238, 245, 250, 251.]

2

R. Doc. 214.] Insight has denied and continues to deny any and all liability. Moreover, as will be discussed herein, the Thibodeauxs have no standing and/or right of action against Insight.

## Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." *Chiasson v. Brand Energy Solutions, LLC*, 439 F.Supp.3d 816, 820 (W.D. La. 2020) (Summerhays, J.) (citing Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Id.* at 821 (quoting *Lindsay v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994)). "However, where the nonmovant bears the burden of proof at trial, the movant may merely point to the absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.*

## Choice of Law Analysis

At the outset, this Honorable Court must determine whether Louisiana law or Tennessee law applies to the Thibodeauxs' claims. "In making a choice of law determination, a federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). Louisiana Civil Code article 3515 states that, as a general rule, "an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La. Civ. Code art. 3515. That article further provides the following factors for adjudicating this issue:

> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

*Id.*

With respect to delictual actions (such as this one), Louisiana Civil Code article 3542 similarly states that "an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La. Civ. Code art. 3542. That article further provides the following factors for adjudicating this issue:

> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

*Id*. An analysis of these factors shows that Louisiana law should apply.

With respect to the first factor, the pertinent contacts show that Louisiana law is applicable. The Thibodeaux plaintiffs are all residents of Louisiana.[3] John Thibodeaux's accident occurred in Louisiana.[4] The conduct by JM Drilling that caused the accident occurred in Louisiana.[5] Although JM Drilling is organized in Tennessee, it does not perform work in Tennessee.[6] In fact, most of its work is conducted in Louisiana, and it is registered to do business by the Louisiana Secretary of State.[7] And although Insight is also organized in Tennessee, it is licensed as an insurance agent with Louisiana's Department of Insurance.[8]

---

[3] R. Doc. 1, p. 1.
[4] *Id.* at p. 6, ¶ 9.
[5] *Id.* at p. 9, ¶ 16.
[6] **Exhibit 1** (Deposition of JM Drilling): p. 159: 15-18.
[7] *Id.* at p. 18: 9-15. **Exhibit 2** (LA SOS certificate for JM Drilling).
[8] **Exhibit 3** (Unsworn Declaration of Joe Evans). **Exhibit 4** (LA DOI Verification of License Status).

With respect to the second factor, public policy mandates application of Louisiana law. "Louisiana has evidenced a desire to regulate the insurance industry with respect to tort and contract lawsuits." *Travelers Cas. & Sur. Co. of Am. v. Wright Ins. Agency Inc.*, 404 F.3d 927, 929 (5th Cir. 2005). *See also Krief v. State Farm Mut. Ins. Co.*, No. 3:17-01644 2018 WL 6728586, p. 3 (W.D. La. Dec. 21, 2018) (Doughty, J.) ("Louisiana has an interest in regulating the insurance industry."); *McDermott Intern., Inc. v. Industrial Risk Insurers*, No. 01-3027, 2002 WL 1204924, p. 4 (E.D. La. June 3, 2002) ("Louisiana has a significant public policy interest in regulating its insurance industry."). Moreover, with respect to the policy of deterring and righting wrongful conduct, Louisiana certainly has an interest in regulating conduct that occurs within this state.

For these reasons, Louisiana law should apply. Nevertheless, this memorandum contains an analysis of both Louisiana law and Tennessee law, and under both analyses, the Thibodeauxs do not have any standing and/or right of action against Insight.

**Law and Application**

**I.   UNDER LOUISIANA LAW, A NON-CLIENT THIRD PARTY HAS NO STANDING TO BRING CLAIMS AGAINST AN INSURANCE AGENT.**

"An insurance agent who undertakes to procure insurance for another owes an obligation *to his client* to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance." *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973) (emphasis added). "*The client* may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage." *Id.* at 730-31 (emphasis added). Because the Thibodeauxs were neither a client of Insight nor were they third-party beneficiaries of the Rockhill policy, the Thibodeauxs have no standing and/or right of action against Insight.

5

### A. The Thibodeauxs are not clients of Insight.

"Louisiana jurisprudence uniformly holds that a victim has no right of action against his tortfeasor's insurance agent for failure to provide coverage as requested by the tortfeasor." *Tu v. Guidry*, 94-1168, p. 3 (La. App. 3 Cir. 3/1/95), 653 So.2d 1, 2. "The agent's duty to use due care in procuring proper insurance coverage for the insured/tort-feasor arises from the agreement between them and does not encompass the risk of harm to the third party victim who seeks to proceed directly against the agent who failed in his duty to secure proper coverage for the insured." *Huffman v. Goodman*, 33,647, p. 4 (La. App. 2 Cir. 8/23/00), 766 So.2d 651, 654. *See also Bustamante v. State Farm Mut. Auto. Ins. Co.*, 517 So.2d 232, 233 (La. App. 1 Cir. 1987) ("the tort-feasor's insurance agent owes no duty to the tort victim to secure the proper insurance policy"); *Torch, Inc. v. Rollins*, No. 93-1729, 1994 WL 419965, p. 5 (E.D. La. Aug. 2, 1994) (calling this the "dominant opinion in Louisiana courts today").

It is undisputed that the Thibodeauxs were not clients of Insight.[9] Rather, the Thibodeauxs' claim is premised on the relationship between Insight and JM Drilling. Accordingly, the Thibodeauxs have no standing and/or right of action against Insight concerning the procurement of an insurance policy for JM Drilling. For this reason, the Thibodeauxs' claims against Insight should be dismissed with prejudice.

### B. The Thibodeauxs are not third-party beneficiaries of any alleged contracts between Insight and JM Drilling.

Although a duty may be owed to a non-contracting party if he is a third-party beneficiary of a contract, the Thibodeauxs cannot make such a showing. Under Louisiana law, a contracting party may stipulate a benefit for a third person not a party to the contract, also known as a stipulation *pour autrui*. La. Civ. Code art. 1978. However, because a stipulation *pour autrui* operates as an exception to the general rule that no duty is owed to a non-contracting party, a

---

[9] Exhibit 3 (Unsworn Declaration of Joe Evans).

6

stipulation *pour autrui* is never presumed. *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 05-2364, p. 9 (La. 10/15/06), 939 So.2d 1206, 1212. As such, a party claiming the benefit bears the burden of proving its third-party beneficiary status. *Id.*

Louisiana courts routinely reject that the argument that tort victims are third-party beneficiaries of insurance contracts or of agreements between insurance agents and their clients. *See, e.g., Oliver v. Natchitoches Air Ctr.*, 506 So.2d 558, 559 (La. App. 3 Cir. 1987); *Guillory v. Morein*, 468 So.2d 1254, 1258 (La. App. 3 Cir. 1985). Moreover, "Louisiana federal courts have determined that the 'proper means' to include a stipulation pour autrui in an insurance contract is to 'name the third party as an additional insured.'" *Baker v. ZC Sterling Ins. Agency*, No. 07-8747, 2008 WL 11357732, p. 4 (E.D. La. July 23, 2008) (quoting *Harrison v. Safeco Ins. Co. of Am.*, No. Civ.A. 06-4664, 2007 WL 1244268, p. 5 (E.D. La. Jan. 26, 2007)).

"The most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof." *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 05-2364, p. 9 (La. 10/15/06), 939 So.2d 1206, 1212. In the present case, the Thibodeauxs cannot show any contract with a clear intention to benefit them. There were no contracts between JM Drilling and Insight.[10] The Rockhill policy does not identify the Thibodeauxs.[11] The Thibodeauxs are neither named insureds nor additional insureds under that policy.[12]

Moreover, any benefit to a third party "cannot be a mere incident of the contract." *Id.* "Not every promise, performance of which may be advantageous to a third person, will create in him an actionable right." *Id.* "A person may derive a benefit from a contract to which he is not a party

---

[10] Exhibit 1 (Deposition of JM Drilling): p. 177: 5-7.
[11] *See* **Exhibit 5** (Rockhill policy).
[12] *See id.*

7

without being a third party beneficiary." *Id.* at 1214. Accordingly, unnamed third parties in an insurance contract are not third-party beneficiaries even though "performance of this contract would ultimately and indirectly be to the benefit of others who received a benefit from the insurance contract itself." *Torch, Inc. v. Rollins*, No. 93-1729, 1994 WL 419965, p. 5 (E.D. La. Aug. 2, 1994). Any benefit the Thibodeaux would receive from the Rockhill policy is purely incidental. For these reasons, the Thibodeauxs' claims against Insight must be summarily dismissed with prejudice.

## II. UNDER TENNESSEE LAW, A NON-CLIENT THIRD PARTY HAS NO STANDING TO BRING CLAIMS AGAINST AN INSURANCE AGENT.

Alternatively, if this Honorable Court finds that Tennessee law applies, the Thibodeauxs still have no standing and/or right to assert these claims against Insight. Under Tennessee law, "insurance agents, like other licensed professionals, owe a duty *to their clients* to perform consistent with the standards of care of their profession." *Morrison v. Allen*, 338 S.W.3d 417, 450 (Tenn. 2011). Because the Thibodeauxs are not a client of Insight, Insight owes no duty to them.

The Thibodeauxs are also not third-party beneficiaries under Tennessee law because they would not have been an insured under the insurance policy. For example, in *Waddell v. Davis*, 571 S.W.2d 844 (Tenn. Ct. App. 1978), Juliet Waddell was injured in an automobile accident as the passenger in a car driven and owned by Jacqueline Knight. However, Knight's vehicle was not insured. Waddell then sued Knight's insurance agent for failing to procure an insurance policy, arguing that she was a third-party beneficiary to the contract between Knight and the agent. *Id.* at 848. However, the Court held that Waddell could only be considered a third-party beneficiary if she had been an "insured" under the policy:

> We hold that if the plaintiff-passenger establishes that she would have been an insured under the policy contracted for, she can maintain this action as a third-party beneficiary to the contract to obtain insurance. If she would have been insured under the policy contracted for, she would not be merely incidentally benefitted by the contract to obtain the coverage because the contract to procure the coverage was

8

made for the direct and immediate benefit of any person within the designation of an "insured" under the policy contracted for.

*Id.*

Accordingly, because the Thibodeauxs were not a named insured under the Rockhill policy, they have no standing and/or right of action against Insight.

## Conclusion

John Thibodeaux, Amy Thibodeaux, Gabrielle Thibodeaux, and Emily Thibodeaux have no standing and/or right of action against Insight. Accordingly, this motion for summary judgment should be granted, and all claims of the Thibodeauxs against Insight should be dismissed with prejudice.

Respectfully submitted by:

GIBSON LAW PARTNERS, LLC
Attorneys at Law

*/s/ Alan W. Stewart*
ALAN W. STEWART (No. 34107) (T.A.)
JAMES H. GIBSON (No. 14285)
Gibson Law Partners, LLC
2448 Johnston Street (70503)
P.O. Box 52124
Lafayette, LA 70505
Direct Dial: (337) 761-6028
Fax: (337) 761-6061
Email: jimgibson@gibsonlawpartners.com
Email: alanstewart@gibsonlawpartners.com
*Counsel for INSIGHT RISK MANAGEMENT, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the Court's electronic filing system.

Lafayette, Louisiana, this 9th day of April, 2021.

*/s/ Alan W. Stewart*
ALAN W. STEWART