UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOHN THIBODEAUX, ET EL** | **CASE NO. 6:18-CV-501** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **J.M. DRILLING, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## TAXATION OF COSTS

On April 12, 2018, Plaintiffs John Thibodeaux, Amy Thibodeaux, and Gabrielle Thibodeaux ("Plaintiffs") filed a Complaint for Declaratory Judgment against J.M Drilling, LLC, Admiral Insurance Company, Rockhill Insurance Company ("Rockhill"), and Bellsouth Telecommunications, LLC, seeking a judgment declaring, in part, that Defendant Rockhill had coverage under an excess policy of insurance that it issued to J.M. Drilling, LLC. (Rec. Doc. 1). On November 12, 2019 (amended on January 22, 2020, and March 4, 2021), J.M. Drilling, LLC, filed a Third Party Demand against CRC Insurance Services, Inc. ("CRC"), its insurance broker, for failing to procure adequate insurance. (Rec. Docs. 112, 155, & 214). Following several rounds of procedural pleadings amongst related parties, on January 20, 2020, Plaintiffs filed a Fourth Amended Complaint adding CRC as a defendant in the initial action. (Rec. Doc. 152). Per the Fourth Amended Complaint, J.M. Drilling asserted negligence actions against CRC as their insurance broker "in

the event [Rockhill's policy] is determined not to provide excess insurance coverage regarding the claims asserted by [Plaintiffs]…" (*Id.*, ¶ II). As a result, Plaintiffs asserted negligence claims against CRC "for negligently failing to procure full insurance coverage as requested by [J.M. Drilling]…" (*Id.*, ¶ VI.). In response, Insight filed a crossclaim against CRC as J.M. Drilling's insurance broker in the event the Rockhill policy was found to not provide coverage (Rec. Doc. 160), and, on March 25, 2020, CRC filed a similar crossclaim against Insight. (Rec. Doc. 177).

Relevant to the present matter, on April 9, 2021, CRC filed a Motion for Summary Judgment on Issue of Insurance Coverage requesting the Court to find that the Rockhill policy provides coverage thereby negating the claims filed against it. (Rec. Doc. 270). Plaintiffs, J.M. Drilling, and Insight filed similar motions. (*See* Rec. Docs. 215, 234, & 251). On May 3, 2021, Rockhill filed an opposition to CRC's Motion for Summary Judgment on Issue of Insurance Coverage (Rec. Doc. 310), and CRC replied. (Rec. Doc. 340). On July 23, 2021, the Court granted CRC's, as well as the other movants', Motion for Summary Judgment on Insurance Coverage. (Rec. Doc. 393). On July 29, 2021, the Court rendered Partial Final Judgment as to Claims Regarding Coverage finding that the Rockhill policy provided coverage for the remainder of Plaintiffs' judgment in the underlying state court suit against J.M. Drilling. (Rec. Doc. 402).

A Motion/Notice of Application to Have Costs Taxed was filed by CRC on August 26, 2021, requesting that Rockhill be taxed for costs incurred by CRC. (Doc. No. 408).  In response, Rockhill filed an Opposition (Doc. No. 412), and CRC replied.  (Doc. No. 415).

### 1. Is CRC entitled to costs from Rockhill?

Prior to analyzing CRC's requested costs, the Court must determine if CRC is entitled to costs from Rockhill.  CRC maintains that it prevailed against Rockhill and requests that this Court issue an order taxing costs in the amount of $25,205.15 against Rockhill.  (Rec. Doc. 408-1).  Pursuant to Fed.R.Civ.P. 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the *prevailing party*." (Emphasis added).  The term "prevailing party" is not defined; however, the Supreme Court and Sixth Circuit have provided guidance finding that "a party is the prevailing party where (1) it receives 'at least some relief on the merits of [its] claim,' and (2) there is a 'judicially sanctioned change in the legal relationship of the parties.'" *Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012)(citing *Buckhannon Board and Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001)).

3

In the present case, CRC had claims filed against it by Plaintiffs, J.M. Drilling, and Insight. (*See* Rec. Docs. 152, 160, & 214). CRC also asserted a claim against Insight. (*See* Rec. Doc. 177). Notably, CRC did not have a claim filed against it by Rockhill, nor did it assert a claim against Rockhill. Rather, CRC's defense to the claims filed against it was that the Rockhill policy provided coverage. As to the claims filed against it, on July 30, 2021, the Court dismissed Plaintiffs' claim against CRC. (Rec. Doc. 403). On November 3, 2023, Insight, J.M. Drilling, and CRC filed an Unopposed Joint Motion to Dismiss requesting that all remaining claims filed against and by them be dismissed. (Rec. Doc. 437). The Unopposed Joint Motion to Dismiss was granted on December 15, 2023. (Rec. Doc. 438).

Rockhill maintains that it would be improper and inequitable to impose CRC's costs on Rockhill because CRC did not prevail on any claims against Rockhill; indeed, there were no claims between CRC and Rockhill. (Rec. Doc. 412). CRC argues that they would not have been a party to this litigation but for Rockhill's erroneous denial of J.M. Drilling's insurance claim. (Rec. Doc. 415). CRC maintains that they should be considered the prevailing party as against Rockhill because they pleaded an affirmative defense that it was not liable to Plaintiffs, J.M. Drilling, or Insight on the basis that the Rockhill policy provided coverage and

judgment was rendered in their favor on their Motion for Summary Judgment on Issue of Insurance Coverage (*Id.*). The Court disagrees.

To be considered the "prevailing party" against Rockhill, (1) CRC would need to have received some relief on the merits of a claim against Rockhill, and (2) there would have been a judicially sanctioned change in the legal relationship between CRC and Rockhill. *See Maker's Mark Distillery*, 679 F.3d at 425. Here, there were no claims between CRC and Rockhill; rather, CRC received relief on the merits of claims filed against them by Plaintiffs, J.M. Drilling, and/or Insight. CRC attempts to equate its affirmative defense that Rockhill's policy provided coverage to a claim against Rockhill. (Rec. Doc. 415). An affirmative defense is not a claim. According to *Black's Law Dictionary*, an "affirmative defense" is "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* 482 (9th ed. 2009). Here, CRC asserted facts and arguments regarding the Rockhill insurance policy that defeated Plaintiffs', J.M. Drilling's, and/or Insight's claims against it.

Lastly, following the Court's ruling on CRC's Motion for Summary Judgment, there was no change in the legal relationship between CRC and Rockhill. *See Maker's Mark Distillery*, 679 F.3d at 425. Rather, CRC and Rockhill remained co-defendants. As a result, costs are therefore disallowed as submitted.

## **REVIEW OF COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.5, any party dissatisfied with the Taxation of Costs may seek review from the Court by filing a "Motion to Review Costs." If a review of costs is sought, the Motion to Review Costs must be filed within seven (7) days after the filing of this taxation of costs.

Signed at Lafayette, Louisiana, this 28th day of December, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE