UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN THIBODEAUX, ET EL                    CASE NO.  6:18-CV-501

VERSUS                                    JUDGE SUMMERHAYS

J.M. DRILLING, ET AL                      MAGISTRATE JUDGE CAROL B.
                                          WHITEHURST


TAXATION OF COSTS

On April 12, 2018, Plaintiffs John Thibodeaux, Amy Thibodeaux, and Gabrielle Thibodeaux ("Plaintiffs") filed a Complaint for Declaratory Judgment against J.M Drilling, LLC, Admiral Insurance Company, Rockhill Insurance Company ("Rockhill"), and Bellsouth Telecommunications, LLC, seeking a judgment declaring, in part, that Defendant Rockhill had coverage under an excess policy of insurance that it issued to J.M. Drilling, LLC. (Rec. Doc. 1). On November 12, 2019 (amended on January 22, 2020, and March 4, 2021), J.M. Drilling, LLC, filed a Third Party Demand against Insight, its insurance agent, for failing to procure adequate insurance. (Rec. Docs. 112, 155, & 214). Following several rounds of procedural pleadings amongst related parties, on January 20, 2020, Plaintiffs filed a Fourth Amended Complaint adding Insight as a defendant in the initial action. (Rec. Doc. 152). Per the Fourth Amended Complaint, J.M. Drilling asserted negligence actions against Insight as their insurance agent "in the event [Rockhill's policy] is

determined not to provide excess insurance coverage regarding the claims asserted by [Plaintiffs]…"  (*Id*., ¶ III).   As a result, Plaintiffs asserted negligence claims against Insight "for negligently failing to procure full insurance coverage as requested by [J.M. Drilling]…" (*Id*., ¶ VI).   Insight then filed a crossclaim against CRC as J.M. Drilling's insurance broker in the event the Rockhill policy was found to not provide coverage (Rec. Doc. 160), and, on March 25, 2020, CRC filed a similar crossclaim against Insight.  (Rec. Doc. 177).

Relevant to the present matter, on April 1, 2021, Insight filed a Motion for Summary Judgment on Insurance Coverage requesting the Court to find that the Rockhill policy provides coverage thereby negating the claims filed against it.  (Rec. Doc. 251).  Plaintiffs, J.M. Drilling, and CRC filed similar motions.  (*See* Rec. Docs. 215, 234, & 260).   On April 22, 2021, Rockhill filed an opposition to Insight's Motion for Summary Judgment on Insurance Coverage (Rec. Doc. 285), and Insight replied. (Rec. Doc. 315). On July 23, 2021, the Court granted Insight's, as well as the other movants', Motion for Summary Judgment on Insurance Coverage. (Rec. Doc. 393).  On July 29, 2021, the Court rendered Partial Final Judgment as to Claims Regarding Coverage finding that the Rockhill policy provided coverage for the remainder of Plaintiffs' judgment in the underlying state court suit against J.M. Drilling.  (Rec. Doc. 402).

A Motion/Notice of Application to Have Costs Taxed was filed by Insight on August 27, 2021, requesting that Rockhill be taxed for costs incurred by Insight. (Doc. No. 409).  In response, Rockhill filed an Opposition (Doc. No. 414), and Insight replied.  (Doc. No. 416).

### 1.  Is Insight entitled to costs from Rockhill?

Prior to analyzing Insight's requested costs, the Court must determine if Insight is entitled to costs from Rockhill.  Insight maintains that it prevailed against Rockhill and requests that this Court issue an order taxing costs in the amount of $20,391.53 against Rockhill.  (Rec. Doc. 409-1).  Pursuant to Fed.R.Civ.P. 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-- other than attorney's fees--should be allowed to the *prevailing party*." (Emphasis added).  The term "prevailing party" is not defined; however, the Supreme Court and Sixth Circuit have provided guidance finding that "a party is the prevailing party where (1) it receives 'at least some relief on the merits of [its] claim,' and (2) there is a 'judicially sanctioned change in the legal relationship of the parties.'"  *Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc*., 679 F.3d 410, 425 (6th Cir. 2012)(citing *Buckhannon Board and Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001)).

3

In the present case, Insight had claims filed against it by Plaintiffs, J.M. Drilling, and CRC.  (*See* Rec. Docs. 152, 177, & 214).  Insight also asserted a claim against CRC.  (*See* Rec. Doc. 160).  Notably, Insight did not have a claim filed against it by Rockhill, nor did it assert a claim against Rockhill.  Rather, Insight's defense to the claims filed against it was that the Rockhill policy provided coverage. As to the claims filed against it, on July 28, 2021, the Court dismissed Plaintiffs' claim against Insight.  (Rec. Doc. 401).  On November 3, 2023, Insight, J.M. Drilling, and CRC filed an Unopposed Joint Motion to Dismiss requesting that all remaining claims filed against and by them be dismissed.  (Rec. Doc. 437).  The Unopposed Joint Motion to Dismiss was granted on December 15, 2023.  (Rec. Doc. 438).

Rockhill maintains that it would be improper and inequitable to impose Insight's costs on Rockhill because Insight did not prevail on any claims against Rockhill; indeed, there were no claims between Insight and Rockhill.  (Rec. Doc. 414).  Insight argues that they would not have been a party to this litigation but for Rockhill's erroneous denial of J.M. Drilling's insurance claim.  (Rec. Doc. 416). Insight maintains that they should be considered the prevailing party as against Rockhill because they pleaded an affirmative defense that it was not liable to Plaintiffs, J.M. Drilling, or CRC on the basis that the Rockhill policy provided

4

coverage and judgment was rendered in their favor on their Motion for Summary Judgment on Insurance Coverage (*Id*.).  The Court disagrees.

To be considered the "prevailing party" against Rockhill, (1) Insight would need to have received some relief on the merits of a claim against Rockhill, and (2) there would have been a judicially sanctioned change in the legal relationship between Insight and Rockhill.  *See Maker's Mark Distillery*, 679 F.3d at 425.  Here, there were no claims between Insight and Rockhill; rather, Insight received relief on the merits of claims filed against them by Plaintiffs, J.M. Drilling, and/or CRC.  Insight attempts to equate its affirmative defense that Rockhill's policy provided coverage to a claim against Rockhill.  (Rec. Doc. 416).  An affirmative defense is not a claim.  According to *Black's Law Dictionary*, an "affirmative defense" is "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* 482 (9th ed. 2009).  Here, Insight asserted facts and arguments regarding the Rockhill insurance policy that defeated Plaintiffs', J.M. Drilling's, and/or CRC's claims against it.

Lastly, following the Court's ruling on Insight's Motion for Summary Judgment, there was no change in the legal relationship between Insight and

Rockhill. *See Maker's Mark Distillery*, 679 F.3d at 425. Rather, Insight and Rockhill

remained co-defendants.  As a result, costs are therefore disallowed as submitted.

## REVIEW OF COSTS

Pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.5, any

party dissatisfied with the Taxation of Costs may seek review from the Court by

filing a "Motion to Review Costs." If a review of costs is sought, the Motion to

Review Costs must be filed within seven (7) days after the filing of this taxation of

costs.

Signed at Lafayette, Louisiana, this 28th day of December, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE