# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JOHN THIBODEAUX, ET EL** | **CASE NO. 6:18-CV-501** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **J.M. DRILLING, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## TAXATION OF COSTS

On April 12, 2018, Plaintiffs John Thibodeaux, Amy Thibodeaux, and Gabrielle Thibodeaux ("Plaintiffs") filed a Complaint for Declaratory Judgment against J.M Drilling, LLC, Admiral Insurance Company, Rockhill Insurance Company ("Rockhill"), and Bellsouth Telecommunications, LLC, seeking a judgment declaring, in part, that Rockhill had coverage under an excess policy of insurance that it issued to J.M. Drilling, LLC. (Rec. Doc. 1). On March 5, 2021, Plaintiffs filed a Motion for Summary Judgment on Insurance Coverage. (Rec. Doc. 215). On April 5, 2021, Rockhill filed a Cross-Motion for Summary Judgment on Insurance Coverage. (Rec. Doc. 254). On July 23, 2021, the Court granted Plaintiffs' Motion for Summary Judgment on Insurance Coverage and denied Rockhill's Cross-Motion for Summary Judgment. (Rec. Doc. 393 & 394). On July 29, 2021, the Court rendered Partial Final Judgment as to Claims Regarding Coverage finding that the Rockhill policy provided coverage for the remainder of

Plaintiffs' judgment in the underlying state court suit against J.M. Drilling. (Rec. Doc. 402).

A Motion/Notice of Application to Have Costs Taxed was filed by Plaintiffs on August 13, 2021. (Doc. No. 404). In response, Rockhill filed an Opposition (Doc. No. 406), and Plaintiffs replied. (Doc. No. 407). Costs are taxed as follows in favor of Plaintiffs and against Rockhill:

### 1. Fees of the Clerk of Court and Marshal

The record shows that this suit was filed by Plaintiffs on April 12, 2018. Filing fees of $400.00 were paid at that time. Additionally, the cost for service of summons was $50.00. Fees of the Clerk and marshal are allowed under 28 U.S.C. § 1920.

**TOTAL ALLOWED:**

**$ 450.00**

### 2. Court Reporter Transcription Costs

Court reporter transcripts and depositions determined to be necessarily obtained for use in a case are allowed as costs pursuant to 28 U.S.C. § 1920. Depositions typically allowed are those used at trial in lieu of live testimony, those used for impeachment purposes, and those used in connection with a successful motion for summary judgment. Costs for discovery depositions and fees for

2

additional copies of depositions are taxed at the discretion of the court depending on the necessity of the deposition. The following deposition costs were submitted and allowed for Plaintiffs:

| | | |
|---|---|---|
| a. Mike Towell | $ 999.30 | Allowed |
| b. Kelli Kasal | $ 1,449.40 | Allowed |
| c. Brenda Johnson | $ 4,905.60 | Allowed |
| d. J.M. Drilling (John Moore) | $ 1,060.65 | Allowed |
| e. James Mahurin | $ 1,815.50 | Allowed |
| f. Charles Henderson | $ 1,471.56 | Allowed |
| g. Akos Swierkiewicz | $ 1,803.95 | Allowed |
| h. Randall King | $ 895.65 | Allowed |
| i. Steven Hoffman (Insurisk)(Vol. 1) | $ 1,636.70 | Allowed |
| j. Steven Hoffman (Insurisk)(Vol. 2) | $ 1,338.50 | Allowed |
| k. Dianna Farish (Insurisk) | $ 3,956.00 | Allowed |
| l. Joe Evans (Insight) | $ 1,311.25 | Allowed |
| m. Joe Evans/Jennifer Reginelli (Insight) | $ 976.55 | Allowed |
| n. Roy Wood/Terri Piersing (Insight) | $ 1,449.25 | Allowed |

Rockhill objects to these deposition costs because, according to Rockhill, 1) some of the discovery and copy costs were incurred in connection with Plaintiffs'

negligence claims against the insurance agent (Insight) and wholesale broker (CRC) on which Plaintiffs ultimately did not prevail; 2) costs submitted for video copies of depositions were unnecessary; 3) incidental costs associated with the depositions (expedited, rushed or priority, and delivery costs) are not taxable; and 4) several of the deposition invoices submitted by Plaintiffs were not itemized making it impossible to know if the requested costs are taxable. (Rec. Doc. 406).

**First**, Rockhill objects to some of the deposition costs submitted by Plaintiffs arguing that a substantial portion of these costs were driven by Plaintiffs' separate negligence claims against Insight and CRC on which Plaintiffs ultimately did not prevail. (*Id.*). Rockhill maintains that only a small portion of the deposition and copy costs submitted by Plaintiff can be attributed to the threshold coverage claim between Plaintiffs and Rockhill. (*Id.*). The Court disagrees. The crux of all claims filed in this matter related to Rockhill's denial of coverage for Plaintiffs' underlying state court judgment. Additionally, Plaintiffs also asserted Estoppel/Waiver and Reformation claims against Rockhill and had to prepare for such. The Court finds that the submitted deposition costs were incurred for use in Plaintiffs' claims against Rockhill.

**Second**, Rockhill objects to the video deposition costs submitted as not necessary for use in the case. In their Reply Memorandum Plaintiffs state that "the

4

manner the depositions were taken were agreed and consented to by all parties to allow the discovery to proceed in the face of the ongoing COVID pandemic." (Rec. Doc. 407, p. 3). Plaintiffs also note that all deposed witnesses, as well as Rockhill's legal counsel, were out-of-state. (*Id*.). Lastly, Plaintiff contends that the video depositions were prepared for use in the case to facilitate "the presentation of the evidence at trial" rather than having "the jury sit through hours, if not days of testimony being read from a written record." (*Id*.). Costs are allowed for "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Fifth Circuit Court of Appeal has found that video depositions and written deposition transcripts are taxable as costs under § 1920(2) so long as they are "necessarily obtained for use" in a case. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130-131 (5th Cir. 2015). In the current case, the Court finds that these video depositions appear to have been necessarily taken in preparation for trial and/or motions practice. Costs are therefore allowed for the video depositions.

**Third**, Rockhill objects to Plaintiffs' submission of deposition costs that were shown on the invoices as expedited, rushed and/or prioritized as well as other incidental costs for shipping and handling. Specifically, Rockhill objects to the $585.90 rush fee in the deposition of Kelli Kasal. (Rec. Doc. 406). The Fifth Circuit

5

has held that a copy of a deposition obtained on an expedited basis "is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *GSDMIdea City, L.L.C.,* 807 F.3d at 132 (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)). In this case, the Court does not find that there was approval by the Court to allow these expedited fees. Plaintiffs did not address these specific costs in their Reply Memorandum. Costs to expedite, rush and/or prioritize are disallowed in those depositions noted. Costs are therefore reduced by $585.90.

Rockhill also maintains that costs for shipping or handling transcripts are not taxable. Specifically, Rockhill highlights the following costs:

- Michael Towell: Fed-Ex Shipping $25.00
- Randall King: Lit Support Package & Shipping $55.00
- Dianna Farish Lit Support Package $30.00
- JM Drilling 30(b)(6): Exhibit Management & Delivery/Handling $80.65
- Steve Hoffmann Vol. I: Shipping $25.00
- Insight 30(b)(6): Exhibit Management & Delivery/Handling $143.00
- Roy Wood/Terri Piersing: Exhibit Management & Delivery/Handling $464.00

For a total of $822.65. (Rec. Doc. 406).

Incidental costs associated with depositions are not recoverable as costs. *See* 28 U.S.C. § 1920; *See also Clark v. Williamson Cnty.*, No. A-10-CV-869-LY, 2013 WL 5556024, at *2 (W.D. Tex. Oct. 7, 2013). Plaintiffs did not address these specific costs in their Reply Memorandum. Shipping and handling costs are disallowed in those depositions noted. Costs are therefore reduced by an additional $822.65.

**Fourth**, Rockhill objects to the deposition invoices submitted by Plaintiffs that were not itemized. Rockhill contends that the lack of itemization makes it impossible to know if the requested costs are taxable. (Rec. Doc. 406). Specifically, Rockhill notes that the deposition invoices of Brenda Johnson, James Mahurin, Charles Henderson, Akos Swierkiewicz, Joe Evans, and Steve Hoffman, Vol. II lack itemization making it unclear if any of the requested amounts include incidental and untaxable costs. (*Id.*). Rockhill requests that the Court disallow Plaintiffs' claims for costs for these depositions in the amount of $12,646.36. The Court finds that the incidental costs that may be contained in the invoices are *de minimis* and therefore concludes that it would be inequitable to disallow the total costs as requested by Rockhill. Costs are therefore allowed for these depositions as submitted.

**TOTAL ALLOWED:**

**$ 23,661.31**

### 3. **<u>Fees for Copies</u>**

Costs for copies are allowed under 28 U.S.C. § 1920(4). This Court allows copy costs for documents used for trial or those which were used for a successful motion. Items which are obtained merely for the convenience of a party in preparing for trial are not taxable without pre-trial authorization from the trial court. The following copy costs were submitted:

| | |
|---|---|
| a. Copies used in depositions | $2,381.00 Disallowed |
| b. Plaintiff's trial exhibits | $338.00   Allowed |
| c. Plaintiff's bench books | $1,007.70 Allowed |
| d. Exhibits to Motion for Summary Judgment on Coverage and Opposition to Cross Motion for Summary Judgment on coverage | $210.20   Allowed |
| e. Copies used for depositions of Dianna Farish and Steve Hoffman | $1,808.70 Disallowed |

Plaintiffs submit the above costs for copies. While the matter never went to trial due to Plaintiffs' successful Motion for Summary Judgement on Coverage, Plaintiffs were still responsible for meeting all pre-trial deadlines, including the production of their bench book and trial exhibits. The Court finds, however, that the copies used to assist with remote depositions were for the convenience of Plaintiffs in preparing for the depositions and/or trial and does not find that there was approval by the Court for such copies. Said costs are thus disallowed.

8

**TOTAL ALLOWED:**

**$ 1,555.90**

- **TOTAL COSTS ALLOWED TO PLAINITFFS**: **$25,667.21**

## REVIEW OF COSTS

Pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.5, any party dissatisfied with the Taxation of Costs may seek review from the Court by filing a "Motion to Review Costs." If a review of costs is sought, the Motion to Review Costs must be filed within seven (7) days after the filing of this taxation of costs.

Signed at Lafayette, Louisiana, this 9th day of January, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE